# United States Court of Appeals
## For the First Circuit

No. 12-1460

PETER MAREK,

Plaintiff, Appellant,

v.

STATE OF RHODE ISLAND ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. John J. McConnell, Jr., U.S. District Judge]

Before

Lynch, Chief Judge,
Selya and Howard, Circuit Judges.

Gary E. Blais on brief for appellant.
Peter F. Kilmartin, Attorney General, and Gregory S. Schultz,
Special Assistant Attorney General, on brief for appellees State of
Rhode Island and related parties.
Michael A. DeSisto and DeSisto Law on brief for appellees Town
of Hopkinton and related parties.
Mark P. Dolan and Rice Dolan & Kershaw on brief for appellee
Commonwealth Engineers and Consultants, Inc.
Melody A. Alger and Alger Parker LLP on brief for appellees
Hopkinton Associates, LLC and related parties.

December 27, 2012

**SELYA**, **Circuit Judge**. Although a residential subdivision proposed for construction in a bucolic Rhode Island town never saw the light of day, its ghost continues to haunt the parties. But apparitions rarely have substance, and this one is no exception. After careful consideration of the plaintiff's complaint and the district court's order of dismissal, we lay the ghost to rest.

"Because this case was decided below on a motion to dismiss, we rehearse the facts as revealed by the complaint and the documents annexed thereto." Katz v. Pershing, LLC, 672 F.3d 64, 69 (1st Cir. 2012). The plaintiff, Peter Marek, owns a home located on Grassy Pond Road in Hopkinton, Rhode Island. Hopkinton Associates, LLC (the developer) aspired to develop a 76-unit residential subdivision (called Kenney Hill Farm Estates) on a 192-acre tract adjacent to the plaintiff's land. The Hopkinton Planning Board approved the developer's application for the subdivision on condition that Grassy Pond Road be reconfigured and reconstructed.

The road reconstruction envisioned by the Planning Board implicated wetlands and, therefore, required a permit from the Rhode Island Department of Environmental Management (the DEM). See R.I. Gen. Laws §§ 2-1-18 to 2-1-24. The developer applied for the necessary permit, and the DEM granted it. In taking this action and in framing the permit, the DEM relied on surveys and maps

-2-

prepared by Commonwealth Engineers and Consultants, Inc. (Commonwealth), a firm retained by the developer.

The plaintiff, a steadfast opponent of the planned development, attempted to appeal the issuance of the permit to the DEM's Administrative Adjudication Division. He asserted that the proposed road reconstruction would encroach upon his land. To bolster this assertion, he alleged that the agency misconceived the Commonwealth surveys.

The DEM dismissed the plaintiff's administrative appeal, concluding that he lacked standing to challenge the issuance of the permit. It also denied the plaintiff's motion to reopen the administrative proceedings.

Undaunted, the plaintiff appealed to the state superior court. See id. § 42-35-15. While his appeal was pending, the developer sold its land to Aubleen Farms, LLC (Aubleen). The complaint does not allege that Aubleen showed any interest in the developer's subdivision proposal and, in all events, Aubleen allowed the DEM permit to expire.

After these events transpired, the plaintiff moved voluntarily to dismiss his state-court appeal as moot. The superior court obliged. For aught that appears, the Kenney Hill Farm Estates project is a dead letter, and the proposed reconstruction of Grassy Pond Road has not gone forward.

-3-

The abandonment of the subdivision proposal and the termination of the state-court litigation were not the final chapters in the saga of Kenney Hill Farm Estates. Rather, the plaintiff repaired to the United States District Court for the District of Rhode Island and filed suit against the State of Rhode Island, the DEM, the town of Hopkinton, the Planning Board, the developer, Commonwealth, and an array of related parties. Invoking 42 U.S.C. § 1983, he alleged a myriad of constitutional and pendent state-law claims. Principally, he asseverated that wrongfully granted deadline extensions, the DEM's embrace of the Commonwealth surveys (surveys that he alleged for the first time were fraudulent), and other problematic aspects of the permitting process resulted in a taking of his property by, among other things, clouding his title.

All the defendants moved to dismiss. See Fed. R. Civ. P. 12(b)(1), (b)(6). In a thoughtful opinion, the district court granted these motions, jettisoning the plaintiff's federal claims and declining to exercise supplemental jurisdiction over his state-law claims. Marek v. Rhode Island, No. 11-033, 2012 WL 693566 (D.R.I. Mar. 2, 2012). Of particular pertinence for present purposes, the court held that it lacked jurisdiction to entertain the plaintiff's takings claim because the plaintiff had failed to pursue available state procedures in an endeavor to secure just compensation. See id. at *3-4.

-4-

We have said, with a regularity bordering on the monotonous, that when a district court accurately sizes up a case and disposes of it through a well-reasoned decision, it often will behoove a reviewing court not to write at length when placing its stamp of approval on the judgment below. See, e.g., Eaton v. Penn-Am. Ins. Co., 626 F.3d 113, 114 (1st Cir. 2010); Seaco Ins. Co. v. Davis-Irish, 300 F.3d 84, 86 (1st Cir. 2002); Ayala v. Union de Tronquistas de P.R., Local 901, 74 F.3d 344, 345 (1st Cir. 1996); In re San Juan Dupont Plaza Hotel Fire Litig., 989 F.2d 36, 38 (1st Cir. 1993). The case at hand falls squarely within this taxonomy. Accordingly, we affirm the judgment below for substantially the reasons limned in the district court's opinion. We add only four comments.

**First**. The plaintiff argues that his takings claim is in fact ripe because the DEM reached a final decision as to the issuance of the wetlands permit. This argument rests on a misunderstanding of the ripeness requirements for a takings claim.

In Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City, 473 U.S. 172 (1985), the Court held that given the unique qualities of a federal regulatory takings claim, a plaintiff must satisfy two distinct ripeness requirements before a federal court may exercise jurisdiction over such a claim. Id. at 186, 194. This binary test comports with the text of the Takings Clause, which comes into play when private property is

"taken" and when the sovereign has effected the taking without granting "just compensation." U.S. Const. amend. V. For a takings claim to be ripe, prior state administrative and/or judicial processes not only must have wrought a taking of particular property but also must have established the sovereign's refusal to provide just compensation for the property taken. See Williamson Cnty., 473 U.S. at 186, 194; Downing/Salt Pond Partners v. Rhode Island, 643 F.3d 16, 20 (1st Cir. 2011).

In a regulatory takings case, satisfying the first of these requirements entails the existence of a final decision as to "the application of the regulations to the property." Williamson Cnty., 473 U.S. at 186. The plaintiff's complaint shows that he has fulfilled this requirement.

The second ripeness requirement, however, has a different dimension. Satisfying it entails a showing that the plaintiff has run the gamut of state-court litigation in search of just compensation (provided, however, that the state makes available adequate procedures for this purpose). Id. at 194-95.

The plaintiff conflates these two distinct ripeness requirements. The DEM's final decision to grant the permit and the superior court's dismissal of his appeal only address the first of Williamson County's two ripeness requirements. The completion of this regulatory process did not entail an occasion for the plaintiff to seek just compensation. To do so, he would have had

-6-

to commence a separate proceeding — and he has not done so.  The second ripeness requirement, therefore, is unfulfilled.  See id.

**Second**.  To be sure, an exception to the second ripeness requirement may obtain if a state's procedures for seeking just compensation are either "inadequate" or "unavailable."  Id. at 196-97.  But such exceptions are narrowly confined, and it is not enough for a plaintiff to show no more than that the adequacy of state procedures remains "unsure" or that such procedures remain "undeveloped."  Downing, 643 F.3d at 23 (internal quotation marks omitted).

There is no need to belabor this point.  Rhode Island courts recognize a cause of action for inverse condemnation, allowing for recovery when a governmental entity exercising land use restrictions or regulations effectively takes property without formally exercising its eminent domain power.  Annicelli v. Town of S. Kingstown, 463 A.2d 133, 139 (R.I. 1983).  We have previously held that this inverse condemnation remedy constitutes an adequate procedural pathway to just compensation.  See Downing, 643 F.3d at 17; Pascoag Reservoir & Dam, LLC v. Rhode Island, 337 F.3d 87, 93 (1st Cir. 2003).  It follows inexorably that the plaintiff would have had to pursue this procedure fully in a state court before a federal court could exercise jurisdiction over his takings claim. His failure to do so was fatal to his federal takings claim.

**Third**.  The plaintiff also advances an impressionistic Fourth Amendment claim that is difficult to decipher.  As best we can tell, he is arguing that the road reconstruction approved by both the Planning Board and the DEM encroaches on his property, thereby effecting an unlawful seizure.  This argument, however, does not present a live controversy.

"A case generally becomes moot when the controversy is no longer live or the parties lack a legally cognizable interest in the outcome."  Shelby v. Superformance Int'l, Inc., 435 F.3d 42, 45 (1st Cir. 2006) (alteration and internal quotation marks omitted).  In this instance, the expiration of the permit rendered the seizure claim moot.  See id.; see also New Eng. Reg'l Council of Carpenters v. Kinton, 284 F.3d 9, 18 (1st Cir. 2002) (finding a challenge to a permitting scheme moot because the scheme was effectively repealed).  From that point forward, the road reconstruction was no longer authorized, and the complaint contains no allegations suggesting that a new permit is in the offing.  In point of fact, the scenario described in the complaint suggests the opposite: the developer has sold the property, and the new owner (Aubleen) has expressed no interest in resurrecting the Kenney Hill Farm Estates project.

In an effort to blunt the force of this reasoning, the plaintiff strives to convince us that a recognized exception to the mootness bar applies here: his seizure claim, he says, is capable

of repetition yet threatens to evade review.  See S. Pac. Term. Co. v. ICC, 219 U.S. 498, 515 (1911).  In support, he speculates that the "permit holder may re-submit its application at any time." Appellant's Br. at 18.  We are not persuaded.

The exception under which the plaintiff seeks refuge is quite limited and not "'capable of dispelling mootness by mere invocation.'"  Cruz v. Farquharson, 252 F.3d 530, 534 (1st Cir. 2001) (quoting Oakville Dev. Corp. v. FDIC, 986 F.2d 611, 615 (1st Cir. 1993)).  It only applies "if there is some demonstrated probability that the same controversy, involving the same parties, will reoccur," id., and if the challenged action would evade review because it "is in its duration too short to be fully litigated prior to cessation or expiration," FEC v. Wis. Right to Life, Inc., 551 U.S. 449, 462 (2007).

Here, however, none of the prerequisites needed to invoke the exception is present.  First, the plaintiff has failed to show any realistic prospect of seeking anew the same relief against the same parties.  The series of events that led to the plaintiff's initial complaint was idiosyncratic and highly unlikely to recur. The developer has sold the land at arm's length to a new owner, and it would be chimerical to suggest that the developer is likely to reacquire the property.  The new owner does not have (and has not sought) a permit to reconstruct Grassy Pond Road.  Perhaps more important, there is no reason to believe that the new owner has any

current or future inclination to develop the site along the lines originally proposed. The short of it is that no likelihood exists that the same controversy between the same parties will ever arise again.

Second, there is no basis for assuming that any new permit, if issued, would evade review. To establish that a claim is likely to evade review, the claim must be "inherently transitory" or there must be "a realistic threat that no trial court ever will have enough time to decide the underlying issues" before mootness attaches. Cruz, 252 F.3d at 535. The plaintiff's complaint is bereft of any such showing. And in the improbable event that the new owner submits an application for a permit to reconstruct Grassy Pond Road in the same manner that the plaintiff has found to be objectionable, there is every reason to believe that the plaintiff would be able to mount a challenge to the permit application prior to its final approval. After all, that is precisely what occurred when the developer secured the original permit.

**Fourth**. The plaintiff's brief hints at other arguments. These arguments, however, lack both coherence and development. Rather than guessing at what these arguments may or may not portend, we fall back upon the prudential rule that "issues adverted to in a perfunctory manner, unaccompanied by some effort

at developed argumentation, are deemed waived."  United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

We need go no further.  The judgment of the district court is affirmed.

**Affirmed**.