**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 10-2054

UNITED STATES OF AMERICA,

Plaintiff, Appellee,

v.

STEPHEN W. AUSTIN AND LINDA P. AUSTIN,

Defendants, Appellants.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Rya W. Zobel, U.S. District Judge]

Before

Howard, Selya and Thompson,

Circuit Judges.

Timothy J. Burke for appellants.
Melissa Briggs, Attorney, Tax Division, U.S. Department of Justice, with whom Kathryn Keneally, Assistant Attorney General, Carmen Milagros Ortiz, United States Attorney, and Bruce R. Ellisen, Attorney, Tax Division, were on brief, for appellee.

August 6, 2013

**Per curiam.**  We recently wrote that:

> In the adjudication of appeals, starting from scratch and building a rationale from the ground up is sometimes an extravagant waste of judicial resources.  To minimize such idle exercises, we have noted that when a trial court accurately takes the measure of a case, persuasively explains its reasoning, and reaches a correct result, it serves no useful purpose for a reviewing court to write at length in placing its seal of approval on the decision below.

Moses v. Mele, 711 F.3d 213, 215-16 (1st Cir. 2013).  We have followed this wise prescription in a number of other cases, see, e.g., Marek v. Rhode Island, 702 F.3d 650, 653 (1st Cir. 2012); Eaton v. Penn-Am. Ins. Co., 626 F.3d 113, 114 (1st Cir. 2010); Seaco Ins. Co. v. Davis-Irish, 300 F.3d 84, 86 (1st Cir. 2002); Ayala v. Union de Tronquistas de P.R., Local 901, 74 F.3d 344, 345 (1st Cir. 1996); In re San Juan Dupont Plaza Hotel Fire Litig., 989 F.2d 36, 38 (1st Cir. 1993), and we follow it here.

This case is fact-specific and breaks no new legal ground.  The district court's opinion is crisp and cogent.  Contrary to the taxpayers' importunings, the district court did not rely impermissibly on the Internal Revenue Service Manual; it only used the Manual for a wholly permissible purpose: to ascertain the Service's usual practice and procedure.

To be sure, the district court did not address the taxpayers' late-blooming due process claim.  But this claim is obviously flawed.  First, it was not raised prior to the district

court's ruling on summary judgment and is, therefore, not properly before us.  See Cochran v. Quest Software, Inc., 328 F.3d 1, 11 (1st Cir. 2003) ("Litigation is not a game of hopscotch.  It is generally accepted that a party may not, on a motion for reconsideration, advance a new argument that could (and should) have been presented prior to the district court's original ruling.") Second, the due process claim is neither developed nor embellished with relevant authorities.  These omissions bring to bear the "settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).  And third, the due process claim is patently insubstantial.

We need go no further.  We affirm the judgment below for substantially the reasons elucidated by that court.  See United States v. Austin, No. 09-10405, 2010 WL 1711294, at *3 (D. Mass. Apr. 26, 2010).  The statute of limitations was tolled with respect to the 1993 tax year and, thus, the government's collection action was timely.

**Affirmed.**  See 1st Cir. R. 27.0(c).