Not for Publication in West's Federal Reporter

# United States Court of Appeals

## For the First Circuit

No. 15-1814

DENNIS OLISKY,

Plaintiff, Appellant,

v.

TOWN OF EAST LONGMEADOW; TOWN OF EAST LONGMEADOW DEPARTMENT OF PUBLIC WORKS; DOUGLAS MELLIS; TOWN OF EAST LONGMEADOW BOARD OF SELECTMEN; NICHOLAS BREAULT; DAVID GROMASKI; JOHN COLLINS; JAMES DRISCOLL; TOWN OF EAST LONGMEADOW BOARD OF PUBLIC WORKS,

Defendants, Appellees.

———————————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Mark G. Mastroianni, U.S. District Judge]

———————————

Before

Lynch, Thompson, and Barron,
Circuit Judges.

———————————

David E. Ashworth on brief for appellant.
Patricia M. Rapinchuk, Jeffrey J. Trapani, and Robinson Donovan, P.C. on brief for appellees.

———————————

May 12, 2016

———————————

**THOMPSON, Circuit Judge**.  Dennis Olisky asks us to reverse the district judge's decisions to dismiss his federal claims at the pleading stage (some with prejudice, some without), relinquish supplemental jurisdiction over his state claims, and deny his post-judgment motions.  The parties (we've listed the defendants in our caption) know the facts.  So a simple summary of the operative complaint's well-pleaded allegations — taken as true, Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) — suffices for purposes of this not-for-publication opinion.

Back on June 1, 2011, when Olisky worked for the town's department of public works ("DPW," from here on), the town lost power because of a tornado.  The next day, a DPW supervisor told a group of DPW workers (Olisky wasn't present) that DPW personnel could not borrow any equipment to deal with the tornado's aftermath.  Later that afternoon, a different DPW supervisor noticed that a generator was missing.  He called Olisky and asked where the generator was.  Olisky replied, "I don't know, you should call Bill Ferraro."  Olisky, however, knew that Ferraro had borrowed the generator to run a refrigerator.  Ferraro returned the generator to the DPW campus that night.

Talking to a DPW supervisor, Ferraro copped to taking the generator.  And Ferraro made clear that Olisky had nothing to

- 2 -

do with the generator's disappearance. The DPW held a hearing on the generator matter and asked Olisky to submit a written statement. Days later, the DPW superintendent sent Olisky a letter notifying him of an upcoming DPW disciplinary hearing to investigate his role in the generator incident. After that hearing, and following negotiations between him and the defendants — the defendants raised the specter of criminal liability, by the way — Olisky resigned without admitting any wrongdoing.

About a week later, Olisky tried to withdraw his resignation. And he filed a grievance through union counsel. But the DPW superintendent denied the grievance, without a hearing, citing how Olisky had (supposedly) lied to cover up the generator's disappearance.

In 2012 and 2013, Olisky tried to land a job as a police officer with the town. But he missed out both times because of his supposed role in the generator incident. Olisky responded by filing a charge of discrimination with the Massachusetts Commission Against Discrimination. At some point he withdrew the charge and sued the defendants in state court.

Continuing to skip over events not relevant to our decision, we note that the defendants then removed the case to federal court and moved to dismiss the suit. See Fed. R. Civ. P. 12(b)(6). Olisky moved to amend his complaint. And the judge

granted his motion and gave the defendants 21 days to file a new responsive pleading.

Olisky's sprawling amended complaint — containing over 100 paragraphs, and 13 counts against 9 defendants — alleged a variety of federal claims under 42 U.S.C. § 1983, including ones premised on (purported) violations of the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, as well as infractions of the Constitution's Contract Clause. His amended complaint also alleged a potpourri of state claims, including, for example, wrongful termination, breach of contract, defamation, and retaliation and refusal to hire.

The defendants once again moved to dismiss. And this time the judge obliged. In a thoughtful and comprehensive rescript, the judge jettisoned Olisky's federal claims, dismissing all of them with prejudice — except for the First-Amendment claim and the Fourteenth-Amendment-procedural-due-process claim (tied to his DPW-job situation), both of which he banished without prejudice. The judge — in the same first-rate decision — then disclaimed supplemental jurisdiction over the state claims. Later (in an electronic order), the judge denied Olisky's post-judgment "motion[] for [a] new trial, to alter and amend the judgment, and for reconsideration of [the] judgment" — a motion Olisky had

brought under Rules 52(b), 59(a), 59(e), and 60(b) of the Federal Rules of Civil Procedure.

Olisky now appeals, throwing a laundry list of arguments at us. But having studied the matter carefully, we find no lawful basis to reverse. We can be brief, then — after all, as we have said time and time again, when it comes to deciding appeals,

> starting from scratch and building a rationale from the ground up is sometimes an extravagant waste of judicial resources. To minimize such idle exercises, we have noted that when a trial court accurately takes the measure of a case, persuasively explains its reasoning, and reaches a correct result, it serves no useful purpose for a reviewing court to write at length in placing its seal of approval on the decision below.

Moses v. Mele, 711 F.3d 213, 215-16 (1st Cir. 2013) (citing a raft of cases); accord deBenedictis v. Brady-Zell (In re Brady-Zell), 756 F.3d 69, 71 (1st Cir. 2014) (emphasizing that there are occasions when we should not "write at length merely to hear [our] own words resonate"). Consistent with this sage prescription, we affirm the judgment below essentially for the reasons given by the judge, adding only a few quick comments on some of the points each side raises.

**First**. Convinced that his complaint adequately alleged a section-1983 claim for supervisory liability, Olisky insists that the judge reversibly erred by seeing matters differently. A complaint asserting a supervisory-liability claim must plausibly allege both "that one of the supervisor's subordinates abridged

- 5 -

the plaintiff's constitutional rights" and "that the supervisor's action or inaction was affirmatively linked to that behavior in the sense that it could be characterized as supervisory encouragement, condonation or acquiescence or gross negligence amounting to deliberate indifference." Guadalupe-Báez v. Pesquera, No. 14-2304, 2016 WL 1592690, at *3 (1st Cir. Apr. 20, 2016) (brackets and internal quotations marks omitted); accord Saldivar v. Racine, No. 15-1448, 2016 WL 1169397, at *3 (1st Cir. Mar. 25, 2016). But because (as we've said) the judge correctly concluded that Olisky's constitutional-violation allegations failed to cross the plausibility threshold, any supervisory-liability theory is a no-go too.

**Second**. The judge said in a footnote that "insofar as [Olisky] contests any previously-litigated aspect of the decision of the Civil Service Commission, he is precluded from doing so." Pouncing on that remark, Olisky "claims reversible error if and to the extent" the judge dismissed "any claim" based on "collateral estoppel." (Emphasis ours.) Olisky has not persuaded us that the judge actually kicked out any claim on collateral-estoppel grounds — which obviously makes this facet of his reversible-error theory a nonstarter.

**Third**. Olisky spends a lot of time and energy discussing the merits of his state claims. But the judge did not decide those

- 6 -

claims on the merits — he simply declined to exercise supplemental jurisdiction over them. So Olisky has no business making a merits-based argument now. Also, he never persuasively explains how the judge's without-prejudice dismissal of the supplemental state claims amounts to a reversible abuse of discretion, see Ramos-Echevarría v. Pichis, Inc., 659 F.3d 182, 190-91 (1st Cir. 2011) (discussing the standard of review) — and that means that this issue is waived, see Rodríguez v. Municipality of San Juan, 659 F.3d 168, 175 (1st Cir. 2011).

**Fourth**. As for Olisky's suggestion that the judge reversibly erred by denying his post-judgment motion, that suggestion fails for multiple reasons. We mention only these: Olisky never convincingly explains why he should get a "new trial" when there was no trial to begin with — the judge dismissed the suit at the pleading stage, remember. Also, Olisky accuses the judge of wrongly relying on documents attached to the defendants' dismissal motion without converting the defendants' motion into one for summary judgment — unhelpfully, he does not say (as best we can tell) which documents the judge wrongly relied on. Anyhow, building on this premise, he intimates that to even the score, the judge should have granted his post-judgment motion so that he could "present evidence which is referenced in the complaint which supports his claims." Of course, a judge at the motion-to-dismiss

- 7 -

stage can consider "implications from documents . . . fairly incorporated into the complaint," as well as "facts susceptible to judicial notice," plus "concessions in plaintiff's response to the motion to dismiss."  Schatz, 669 F.3d at 55-56 (footnote and internal quotation marks omitted).  But Olisky nowhere explains how what the judge did here falls outside this long-settled rule.  On top of that, he never made this argument in his post-judgment papers — so any argument along this line is waived.  See, e.g., Ouch v. Fed. Nat'l Mortg. Ass'n, 799 F.3d 62, 67 n.5 (1st Cir. 2015).

**Fifth**.  Turning briefly then to a couple of points pressed by the defendants:  They suggest that the judge should have dismissed Olisky's First-Amendment claim and Fourteenth-Amendment-procedural-due-process claim with — rather than without — prejudice.  But because the defendants did not take a cross-appeal here, we need not explore that suggestion.  See Figueroa v. Rivera, 147 F.3d 77, 81 (1st Cir. 1998).  They also advance alternative bases for affirmance (e.g., qualified immunity).  The judge did not delve into these matters.  And we see no reason to do so either.  Cf. generally Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 75 (1st Cir. 2014) (collecting cases refusing to affirm

a dismissal on alternative grounds not addressed by the district judge).

**<u>Affirmed</u>**.