Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

---

No. 16-1184

JEFFREY BRADLEY,

Plaintiff, Appellant,

v.

WELLS FARGO BANK, N.A., as Trustee for the Pooling and Servicing
Agreement dated as of October 1, 2004 Asset-Backed Pass-Through
Certificates Series 2004-MHQ1; OCWEN LOAN SERVICING, LLC; WELLS
FARGO BANK, N.A., as Trustee; WELLS FARGO BANK, N.A.,

Defendants, Appellees,

AMERIQUEST MORTGAGE COMPANY; MARK MURRAY; LEGACY LANDSCAPE
COMPANY,

Defendants.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Paul J. Barbadoro, U.S. District Judge]

---

Before

Lynch, Stahl, and Thompson,
Circuit Judges.

---

Terrie L. Harman, with whom Kristina Cerniauskaite, Harman
Law Offices, Ruth A. Hall, and Union Law Office PC were on brief,
for appellant.
Brett L. Messinger, with whom Brian J. Slipakoff and Duane
Morris LLP were on brief, for appellees.

October 14, 2016

**THOMPSON**, <u>Circuit Judge</u>. Having lost his home to foreclosure, Jeffrey Bradley sued the defendants listed in our caption. Unhappy with how things turned out below, Bradley insists the judge erred in three ways: first in dismissing his intentional-infliction-of-emotional-distress claim (the "IIED claim" from now on) against Wells Fargo in its corporate capacity and its capacity "as Trustee"; then in granting summary judgment to Wells Fargo and Ocwen on his trespass claim; and finally in denying his attorney-fee motion. But having studied the matter carefully, we see no lawful basis to reverse the judge's well-reasoned rulings. Actually, we find this to be the perfect case to apply our longstanding rule that "when a trial court accurately takes the measure of a case, persuasively explains its reasoning, and reaches a correct result, it serves no useful purpose for a reviewing court to write at length in placing its seal of approval on the decision below." See <u>Moses</u> v. <u>Mele</u>, 711 F.3d 213, 216 (1st Cir. 2013) (citing a host of cases). So we affirm the judgment below essentially for the reasons given by the judge, adding only a few brief comments.

*First*. Bradley brought his IIED claim against Wells Fargo in three separate capacities: (1) in its corporate capacity, (2) "as Trustee," and (3) "as Trustee" for a "Pooling and Servicing Agreement." The judge dismissed the claims against Wells Fargo in

- 3 -

capacities (1) and (2), reasoning that Bradley had not alleged facts tying them to the post-foreclosure emotional distress undergirding his IIED claim. As Bradley sees it, the judge erred by "fail[ing] to address IIED claims against" Wells Fargo in capacities (1) and (2) "for pre-foreclosure actions." We see it differently.

Bradley's operative complaint pleaded that all defendants (including Wells Fargo in all of its manifold capacities) intentionally inflicted emotional distress on him by foreclosing and evicting him and by screwing up his attempt to pay off the loan by not giving him a payoff statement. Just take a look at these quotes lifted from his complaint (emphasis ours):

- "Having trespassed and converted the plaintiff and his wife's possessions, the defendants maliciously destroyed the plaintiff's possessions, and by *that* extreme and outrageous conduct, negligently, intentionally or recklessly caused severe emotional distress to the plaintiff."

- "The failure of the defendants to provide a payoff amount when requested by an outside lender . . . negligently or intentionally inflicted emotional distress."

So the complaint could not be clearer that the complained-of tortious conduct was both defendants' "trespass[ing] and

- 4 -

convert[ing]" Bradley's "possessions" and "maliciously destroy[ing]" them, as well as their failing to give him a payoff statement. And the judge deftly dealt with each theory, ruling that the IIED claim misfires first because the "complaint does not allege" that Wells Fargo — in its corporate or Trustee capacities — "had any involvement in either the foreclosure or the eviction"; and second because Bradley "alleges no additional facts whatsoever about the request for a payoff — no date, no year, or general time frame, and no party" — so it "is a threadbare recital with no facts to support it," which does not suffice. We could not have said it any better ourselves.

Hoping to turn the tide, Bradley argues that we should look to a paragraph in the count containing the IIED claim that alleges "[t]he actions of the defendants and/or their agents caused" him "financial loss and negligently or intentionally inflicted emotional distress, anxiety, and embarrassment," and conclude that this language sweeps in everything else alleged in the complaint — particularly since he wrote there too that he "reiterates and incorporates by reference" the "above" paragraphs, some of which alleged pre-foreclose misdoings on defendants' counsel's part (*i.e.*, that defendants' counsel said pre-foreclosure that the parties could "work things out," yet defendants never responded to Bradley's calls). But a complaint

- 5 -

must give defendants "fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). And one cannot read the count containing the IIED claim and say that the defendants (or the judge) should have been on notice that Bradley meant that — in addition to the *specific* allegations in the count — *everything* he talked about in the complaint intentionally inflicted emotional distress on him. Cf. generally United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) (per curiam) (noting that "[j]udges are not like pigs, hunting for truffles buried in" court papers).

*Second*. The judge concluded that Bradley no longer possessed any interest in the property at the time of the trespass. But Bradley says the judge should not have granted summary judgment to Wells Fargo and Ocwen on the trespass claim, because — according to him — they failed to submit a "memorandum of sale" with their summary-judgment materials and thus never showed that he had lost "legal and equitable title." The problem for Bradley is he never presented this argument to the district judge. "If any principle is settled in this circuit, it is that, absent the most extraordinary circumstances, legal theories not raised squarely in the lower court cannot be broached for the first time on appeal." Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59

- 6 -

v. <u>Superline Transp. Co.</u>, 953 F.2d 17, 21 (1st Cir. 1992). Seeing how Bradley gives us no sound reason to think any long-odds exception to the raise-or-waive rule applies here, we deem the argument waived.

*Third*. As for his last argument — that the judge wrongly held he was not the prevailing party and thus not entitled to attorney fees under the parties' contractual agreement — we deem that one waived too. Interpreting the word "action" in the agreement, the judge held that in deciding whether Bradley had prevailed, one had to "consider all the claims you brought, all the claims they brought," and "look at how they were all resolved" — a process that requires "looking at the litigation as a whole." Bradley wants us to hold that an "action" means a claim, rather than the entire suit, and so that in cases like this, where both sides succeed on one or more of their claims within the larger suit, each "might be entitled to attorney's fees." But Bradley waived all challenges to the judge's ruling, because he expressly disavowed the claim-by-claim analysis he now says is required under the contract. The defendants bring up quote after quote from Bradley's argument to the judge on the fee issue to show that is so. Bradley tells us we have to look at the quotes in context. We have, and he is out of luck. <u>See</u> <u>United States</u> v. <u>Gates</u>, 709 F.3d 58, 63 (1st Cir. 2013) (emphasizing that "a party cannot

- 7 -

concede an issue in the district court and later, on appeal, attempt to repudiate that concession and resurrect the issue," because "[t]o hold otherwise would be to allow a litigant to lead a trial court down a primrose path and later, on appeal, profit from the invited error" — "[w]e will not sanction such tactics").

Having fully considered Bradley's many arguments (including some not mentioned above, because they deserve no discussion, given the bang-up job the judge did), we let the challenged rulings stand.

*Affirmed*.