# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0232, <u>Jeffrey Bradley & a. v. Wells Fargo Bank, N.A. & a.</u>, the court on February 21, 2019, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Jeffrey Bradley, appeals the denial by the Superior Court (<u>Wageling</u>, J.) of his motion for a new trial, <u>see</u> RSA 526:1 (2007), in a case in which he had sought to enjoin a 2006 foreclosure by the defendant, Wells Fargo Bank, N.A., and had sought related damages.  The record reflects that the 2006 case was dismissed, without prejudice, in 2007 because the defendant had abandoned the relevant foreclosure.  The record further reflects that the defendant reinstituted, and completed, a foreclosure in 2011, that the plaintiff brought a second suit against the defendant in 2012 for damages based upon the defendant's alleged actions prior to and after the 2011 foreclosure, and that the 2012 suit was ultimately litigated to a final judgment in the United States District Court for the District of New Hampshire.  <u>See generally</u> <u>Bradley v. Wells Fargo Bank, N.A.</u>, 663 F. App'x 4 (1st Cir. 2016).

In seeking to revive the 2006 case, the plaintiff argued that the federal court's final judgment did not preclude his claim for damages because "no court has determined whether [the defendant's] pre-foreclosure conduct constitutes" intentional infliction of emotional distress.  <u>But</u> <u>see</u> <u>id</u>. at 5-6 (rejecting plaintiff's argument that the federal district court, in dismissing claims for intentional infliction of emotional distress against the defendant for failure to state a claim upon which relief may be granted, had failed to address intentional infliction of emotional distress claims that were based upon pre-foreclosure conduct); <u>see</u> <u>also</u> <u>Bradley v. Wells Fargo Bank, N.A.</u>, No. 12–cv–127–PB, 2013 WL 6681610, at *5 (D.N.H. Dec. 18, 2013) (ruling that fraud claims based upon alleged misrepresentations of the defendant's counsel at the 2007 court conference that led to dismissal of the 2006 case were time-barred). He further argued that the motion for a new trial was timely, notwithstanding the relevant three-year limitations period, <u>see</u> RSA 526:4 (2007), because the defendant's counsel had allegedly committed "fraud on the court" for purposes of <u>Conant v. O'Meara</u>, 167 N.H. 644, 652 (2015) in procuring the dismissal without prejudice in 2007.

In rejecting these arguments, the trial court reasoned that the plaintiff had not established "fraud on the court" sufficient to vitiate the 2007 judgment under Conant, and that, for purposes of res judicata, the plaintiff had an opportunity to litigate, and in fact did litigate, the defendant's liability for its alleged pre-foreclosure conduct within the context of the 2012 lawsuit. Thus, the trial court ruled both that the motion for a new trial was time-barred and that the claims that the plaintiff sought to litigate were precluded by the federal court judgment under the doctrine of res judicata. On appeal, the plaintiff challenges these rulings, arguing that he made a sufficient showing of fraud so as to entitle him to reopen the 2006 lawsuit, or at least to engage in discovery and an evidentiary hearing on whether the defendant's counsel committed fraud, and that res judicata does not apply under the facts of this case. As to the latter argument, he relies upon Restatement (Second) of Judgments § 26(1)(f) (1982), a provision that provides an exception to the general prohibition on "claim splitting" when "[i]t is clearly and convincingly shown that the policies favoring preclusion of a second action are overcome for an extraordinary reason, such as . . . the failure of the prior litigation to yield a coherent disposition of the controversy." Specifically, he contends that the federal court "mistakenly" read his complaint as not asserting an intentional infliction of emotional distress claim based upon the defendant's pre-foreclosure conduct and, thus, that the federal court litigation failed to yield a coherent disposition of that claim.

As the appealing party, the plaintiff has the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's orders denying the plaintiff's motion for a new trial and motion for reconsideration, the plaintiff's challenges to those orders, the relevant law, and the record submitted on appeal, we conclude that the plaintiff has not demonstrated reversible error. See id.

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**

2