**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 22-1166

DOUGLAS J. BACHE,

Plaintiff, Appellant,

v.

TOWN OF BOXBOROUGH; PHILLIP GATH,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. F. Dennis Saylor IV, U.S. District Judge]

Before

Kayatta, Lipez, and Thompson,
Circuit Judges.

Devin L. Hoffman, with whom Hoffman Law was on brief, for appellant.

Justin L. Amos, with whom John J. Davis, Adam Simms, and Pierce Davis & Perritano LLP were on brief, for appellees.

October 31, 2022

**THOMPSON, <u>Circuit Judge</u>.** After his romantic partnership soured, Appellant Douglas Bache ("Bache") went to Massachusetts Housing Court to have his ex, Lisa Oakes ("Oakes"), evicted from his residence in Boxborough, Massachusetts. As part of those proceedings, Bache and Oakes agreed in a joint stipulation that Oakes would be permitted to return on two occasions to collect her belongings. In handwritten text, the stipulation states in its entirety:

> A. Parties agree that [Oakes] will pick up small items, clothes, and shoes on February 3rd, 2019 between 12pm through 230pm.
> B. [Oakes] shall remove all large belongings on August 31st, 2019 between 11am through 4pm.
> C. Parties agree that all pickups shall be supervised by the local police department.
> D. Upon compliance this case shall be dismissed on or by September 15, 2019.

Bache and Oakes signed the stipulation agreement, as did the Housing Court, which converted it into a court order (from here on out, just "Order").

This dispute arises from the first retrieval day, when Oakes arrived at the residence on February 3, 2019, with Officer Phillip Gath ("Gath") from the Boxborough Police Department ("BPD"), per the Order's requirement that a police officer supervise. Bache alleges that Oakes "began helping herself to anything she wanted, including Mr. Bache's personal property, and not just her clothes or shoes." Bache and his attorney protested

- 2 -

to Gath, but Bache alleges that Gath did not stop Oakes from taking anything and even assisted her in carrying some items outside. The complaint does not allege that Gath himself took any of Bache's property. Nor does the complaint allege that any of the items Gath helped remove belonged to Bache.

Bache sued Gath and the Town of Boxborough (together, "Appellees") for Negligence (count 1), violation of the Massachusetts Civil Rights Act (count 2), violations of the 5th Amendment to the U.S. Constitution, alleging both a Due Process and a Takings Clause claim (count 3), Intentional Infliction of Emotional Distress (count 4), Breach of Fiduciary Duty (count 5), Conversion (count 6), Negligent Supervision and Training (count 7), and Negligent Infliction of Emotional Distress (count 8).[1] Defendants moved to dismiss Bache's complaint for failure to state a claim, which the district court granted, and Bache timely appealed.

We review the grant of a motion to dismiss de novo. Sonoiki v. Harvard Univ., 37 F.4th 691, 703 (1st Cir. 2022). After carefully studying the record and the arguments Bache makes on appeal, we find no basis to reverse. In that regard, we have often stated that when "a trial court accurately takes the measure of a

---

[1] Bache initially filed suit in Middlesex Superior Court and Appellees removed the suit to the District of Massachusetts.

case, persuasively explains its reasoning, and reaches a correct result, it serves no useful purpose for a reviewing court to write at length in placing its seal of approval on the decision below." Moses v. Mele, 711 F.3d 213, 216 (1st Cir. 2013) (collecting cases). We substantially agree with the district court's reasoning and conclusions in its Memorandum & Order granting Defendants' motion to dismiss, so we will be brief with our discussion of Bache's arguments. To cut to the chase, we affirm the dismissal for substantially all the reasons described by the district court, adding one brief point in response to Bache's arguments before us.

The district court dismissed Bache's Negligence and Negligent Infliction of Emotional Distress claims (counts 1 and 8) on three bases: first, that the Massachusetts Tort Claims Act ("MTCA") bars personal liability for Gath's alleged conduct; second, that common law immunity applied to Gath's enforcement of the Order; and third, that § 10(b) of the MTCA, often called the discretionary function exception, barred these claims against Boxborough for the allegedly negligent acts of its employee in carrying out discretionary functions, here Gath's enforcement of the Order. On appeal, Bache only argues that the district court erred in dismissing the negligence-based claims against Boxborough pursuant to § 10(b) of the MTCA because Gath's enforcement of the Order is not the type of conduct covered by this statutory bar.

We agree with Bache that the discretionary function exception is not the right fit for Gath's conduct here, but we nevertheless affirm the dismissal of these two claims against Boxborough. Since we can affirm the dismissal "on any basis made apparent by the record," McCloskey v. Mueller, 446 F.3d 262, 266 (1st Cir. 2006), we lay out our own rationale below.

To start, we assess whether the discretionary function exception applies. Assuming for argument's sake that Gath had some discretion in deciding how to enforce the Order, for the exception to apply we must determine that the discretion he exercised "is that kind of discretion for which § 10(b) provides immunity from liability." Harry Stoller & Co. v. City of Lowell, 587 N.E.2d 780, 782 (Mass. 1992). "The discretionary function exception is narrow, providing immunity only for discretionary conduct that involves policymaking or planning," but not the implementation of a policy. Greenwood v. Town of Easton, 828 N.E.2d 945, 948 (Mass. 2005) (cleaned up). Here, Bache alleges that Gath failed to act and stop Oakes from taking certain property, despite the Order's requirement that she only take "small items, clothes, and shoes." In other words, Bache complains of how Gath implemented the Order. So, Bache has not alleged any policymaking or planning conduct on Gath's part to bring his conduct under the narrow discretionary function exception. See id.; cf. A.L. v. Commonwealth, 521 N.E.2d 1017, 1024 (Mass. 1988)

- 5 -

(probation officer not making policy or planning decision when deciding whether individual had complied with terms of their probation); Irwin v. Town of Ware, 467 N.E.2d 1292, 1299 (Mass. 1984) (police officer not making policy or planning decision when deciding whether to remove drunk driver from the road).

Still, we affirm the dismissal of Bache's negligence-based claims because we agree with the alternative ground that Boxborough offered in its brief, see Mass. Gen. Laws ch. 258, § 10(j) (2022), and to which Bache offered no rejoinder, not even filing a reply brief. Section 10(j) applies to Gath's employer, Boxborough, and "exclude[s] liability for an act or failure to act to prevent or diminish [any] harmful consequences . . . including the violent or tortious conduct of a third person." Brum v. Town of Dartmouth, 704 N.E.2d 1147, 1153 (Mass. 1999) (quoting ch. 258, § 10(j) and cleaned up). The Massachusetts Supreme Judicial Court, whose lead we must follow here, has broadly read this statutory language to provide "immunity [from] all consequences except where the condition or situation was originally caused by the public employer." Id. (cleaned up); see also Stahr v. Lincoln Sudbury Reg'l High Sch. Dist., 102 N.E.3d 995, 999 (Mass. App. Ct. 2018) ("10(j) confers significant protection from tort liability to public employers."). To be "originally caused" by the employer, and therefore outside of 10(j) immunity, the employer's conduct must have "materially contributed to creating a condition or

- 6 -

situation that resulted in [the plaintiff's] injuries." Cormier v. City of Lynn, 91 N.E.3d 662, 666-67 (Mass. 2018). Here, Bache's complaint alleges that Oakes -- a third person -- took some of his property on the collection day that he agreed to and made part of the Order. The Order, which we reiterate was crafted by the parties, required a police officer to be present. Once there, Bache alleges, Gath failed to intervene and stop Oakes when she helped herself to his property. In other words, Gath's allegedly harmful conduct was a failure to act, but neither Gath nor Boxborough originally created the circumstances by which Oakes took his property, thus bringing these claims right under 10(j)'s immunity shield. See id. at 667 (holding that "claims [were] barred by § 10(j) because they originate[d] from a failure to act rather than an affirmative act"); Stahr, 102 N.E.3d at 1000 (affirming dismissal under 10(j) because plaintiff's complaint was "premised on the defendant's failure to act").

While we have not addressed all of Bache's arguments, we have carefully considered each of them. For the reasons discussed above and those given in the district court's thorough analysis of all of Bache's claims, we **affirm** the dismissal. Costs to Appellees.