# United States Court of Appeals
## For the First Circuit

No. 13-9014

IN RE KAREN A. BRADY-ZELL,

Debtor.

DANIELLE E. deBENEDICTIS,

Creditor, Appellant,

v.

KAREN A. BRADY-ZELL,

Debtor, Appellee.

APPEAL FROM THE BANKRUPTCY APPELLATE PANEL

FOR THE FIRST CIRCUIT

Before

Howard, Selya and Thompson,
<u>Circuit Judges</u>.

Danielle E. deBenedictis and deBenedictis, Miller & Blum, P.A. on brief for appellant.
Logan A. Weinkauf and Benner & Weinkauf, P.C. on brief for appellee.

June 25, 2014

**SELYA, Circuit Judge.** Faced with the grim prospect of a crumbling marriage, Karen A. Brady-Zell (the debtor) engaged Danielle E. deBenedictis (the attorney) to act as her counsel. The debtor paid the attorney an up-front retainer of $25,000. After the representation ended, the attorney billed the debtor for additional fees and expenses of roughly $62,000. The debtor balked, and the attorney filed a state-court collection action.

The debtor then petitioned for bankruptcy protection, effectively staying the pending state-court action. See 11 U.S.C. § 362(a). She listed the balance due to the attorney among her scheduled debts. Left holding what appeared to be an empty bag (or nearly so), the attorney instituted an adversary proceeding in the bankruptcy court under, inter alia, 11 U.S.C. § 523(a)(2)(A).[1] She asserted that the debt had been incurred through false and fraudulent representations and under false pretenses and was, therefore, nondischargeable.

Following a bench trial, the bankruptcy court wrote a thoughtful rescript in which it concluded that the attorney had not carried her burden of proving either false pretenses or a false representation and proceeded to dismiss the adversary proceeding. See deBenedictis v. Brady-Zell (In re Brady-Zell), No. 10-1119,

---

[1] With exceptions not relevant here, 11 U.S.C. § 523(a)(2)(A) provides that a discharge in bankruptcy "does not discharge an individual debtor from any debt . . . to the extent obtained by . . . false pretenses, a false representation, or actual fraud."

2013 WL 1342479, at *8-9 (Bankr. D. Mass. Apr. 2, 2013). On an intermediate appeal, the Bankruptcy Appellate Panel (BAP) upheld the bankruptcy court's ukase. It, too, offered a closely reasoned explanation of its ruling. See deBenedictis v. Brady-Zell (In re Brady-Zell), 500 B.R. 295, 301-05 (B.A.P. 1st Cir. 2013).

Unwilling to take "no" for an answer, the attorney appealed the BAP's decision. After careful consideration, we affirm.

We need not tarry. Having scrutinized the papers in the case and surveyed the applicable law, we discern no principled basis for disturbing the findings and conclusions of the lower courts. With this in mind, we can be brief; after all, we have explained before that when lower courts have supportably found the facts, applied the appropriate legal standards, articulated their reasoning clearly, and reached a correct result, a reviewing court ought not to write at length merely to hear its own words resonate. See, e.g., Vargas-Ruiz v. Golden Arch Dev., Inc., 368 F.3d 1, 2 (1st Cir. 2004); Lawton v. State Mut. Life Assur. Co., 101 F.3d 218, 220 (1st Cir. 1996); Ayala v. Union de Tronquistas, Local 901, 74 F.3d 344, 345 (1st Cir. 1996); Holders Capital Corp. v. Cal. Union Ins. Co. (In re San Juan Dupont Plaza Hotel Fire Litig.), 989 F.2d 36, 38 (1st Cir. 1993). Accordingly, we affirm the judgment for substantially the reasons previously elucidated by the

bankruptcy court and the BAP, pausing only to add a few embellishments.

**First**: The attorney's principal claim is that, at the start of the lawyer-client relationship, the debtor falsely promised to pay her fees.  In other words, she alleges that the debtor made a commitment to pay whatever fees thereafter might accrue without the slightest intention of honoring that commitment.

To prove that the debt is nondischargeable under 11 U.S.C. § 523(a)(2)(A), the attorney qua creditor had to complete a six-step march.  This march required her to show that the debtor (i) made a knowingly false representation, (ii) intending to deceive the creditor, and (iii) to induce the creditor to rely upon the false promise; with the result that (iv) the creditor relied upon the false promise, and (v) justifiably so, so that (vi) damage resulted.  See McCrory v. Spigel (In re Spigel), 260 F.3d 27, 32 (1st Cir. 2001); Palmacci v. Umpierrez, 121 F.3d 781, 786 (1st Cir. 1997).

The burden of proving the elements underlying each of these six steps by a preponderance of the evidence rests with the party seeking nondischargeability.  See McCrory, 260 F.3d at 32. A creditor arguing for an exception to nondischargeability must prove all six elements; if her proof falls short on any element, her quest for nondischargeability fails.  See id.

Here, the bankruptcy court went no further than the first two elements. It found that the attorney had not proven by preponderant evidence that the promise to pay was either knowingly false when made or intended to deceive. See deBenedictis, 2013 WL 1342479, at *8. The court premised this determination squarely on the burden of proof: it painstakingly reviewed the record and concluded that the weight of the evidence was "split about even." Id.

Given this fully supportable assessment, we can find no fault with the court's determination that the attorney failed to carry her burden of proof. When the weight of the evidence is in equipoise, a party cannot plausibly be said to have carried the devoir of persuasion. See Toye v. O'Donnell (In re O'Donnell), 728 F.3d 41, 45 (1st Cir. 2013).

**Second**: The attorney labors to cast the relevant events in a light more flattering to her theory of the case. Stripped of rhetorical flourishes, this amounts to an invitation for us to reweigh the evidence and balance the decisional scales differently. We decline this invitation.

At this stage of bankruptcy litigation, the task of an appellate court is not to find the facts anew but, rather, to assay the bankruptcy court's factfinding for clear error.[2] See Boroff v.

---

[2] Our standard of review is not affected by the fact that this is a second-tier appeal. Because our review of the BAP's decision is de novo, see Smith v. Pritchett (In re Smith), 586 F.3d 69, 73

Tully (In re Tully), 818 F.2d 106, 109 (1st Cir. 1987).  While the evidence as a whole is capable of supporting the inference of knowing falsity drawn by the attorney, it likewise is capable of supporting the inference of inconclusiveness drawn by the bankruptcy court.  That ends this aspect of the matter: it is apodictic that where the facts can support two plausible but conflicting interpretations of a body of evidence, the factfinder's choice between them cannot be clearly erroneous.  See Gannett v. Carp (In re Carp), 340 F.3d 15, 25 (1st Cir. 2003); see also United States v. Romain, 393 F.3d 63, 69 (1st Cir. 2004).

**Third**: The attorney argues pejoratively that the debtor was shown to be a liar and that the debtor's "dishonest and untrustworthy" testimony undermines the bankruptcy court's factfinding.  This argument is wide of the mark.  The bankruptcy court did not rest its decision on any illusions about the debtor's veracity.  To the contrary, the bankruptcy court found much of her testimony to be self-serving and not deserving of credence.  See deBenedictis, 2013 WL 1342479, at *2.

Taking this lack of veracity into account, however, it proceeded to find that the attorney's proof was not preponderant.  See id. at *7-8.  We are not aware of any rule that mandates a finding of nondischargeability against a party simply because her

(1st Cir. 2009), we look through that decision and directly review the bankruptcy court's findings of fact for clear error, see id.; see also Fed. R. Bankr. P. 8013.

-6-

testimony lacks candor.  Although we do not countenance untruthful testimony, a finding of nondischargeability requires more than a showing that the debtor exhibited a serious character flaw.  The attorney, who had the burden of proof, made no such additional showing here.

We need go no further.  The Bankruptcy Code is designed to give debtors a fresh start, and exceptions to this principle should be narrowly construed.  <u>Rutanen</u> v. <u>Baylis</u> (<u>In re Baylis</u>), 313 F.3d 9, 17 (1st Cir. 2002).

In this instance, the attorney did not carry her burden of proving her entitlement to such an exception.  The courts below explained at length why the attorney's arguments (including arguments not mentioned above) were unavailing, and it would serve no useful purpose to repastinate that well-plowed ground.  It suffices to say that the attorney's appeal, though full of sound and fury, is lacking in substance.

**<u>Affirmed</u>.**