**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 13-1995

UNITED STATES OF AMERICA,

Appellee,

v.

GERALD T. RICH, JR.,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. John A. Woodcock, Jr., U.S. District Judge]

Before
Thompson, Selya and Kayatta,
Circuit Judges.

Mary Davis and Tisdale & Davis, P.A. on brief for appellant.
Thomas E. Delahanty II, United States Attorney, and Renée M.
Bunker, Assistant United States Attorney, on brief for appellee.

January 12, 2015

**Per curiam.** After defendant-appellant Gerald T. Rich, Jr. pleaded guilty to charges of conspiracy to distribute marijuana, see 21 U.S.C. §§ 841(a)(1), 846, and making false statements to federal agents, see 18 U.S.C. § 1001(a)(2), the district court sentenced him to a 72-month term of immurement on the drug-trafficking count and a concurrent 60-month term of immurement on the false statement count. Rich appeals, asserting only that his sentence is substantively unreasonable.

There is no reason to tarry. We have carefully reviewed the plea agreement, the change-of-plea colloquy, the undisputed portions of the presentence investigation report, and the transcript of the disposition hearing. See United States v. Almonte-Nuñez, 771 F.3d 84, 86 (1st Cir. 2014). We are fully satisfied that the district court's sentence, which was 25 months below the bottom of a properly calculated guideline sentencing range, was substantively reasonable. See United States v. King, 741 F.3d 305, 310 (1st Cir. 2014) ("It is a rare below-the-range sentence that will prove vulnerable to a defendant's claim of substantive unreasonableness.").

In the mine-run of criminal cases, there is no single appropriate sentence but, rather, a universe of reasonable sentences. See United States v. Walker, 665 F.3d 212, 234 (1st Cir. 2011). The sentence imposed in this case falls squarely within this universe.

Here, moreover, the district court made a thorough and meticulous appraisal of Rich's personal history and characteristics, the nature and circumstances of the offenses of conviction, and other factors relevant to sentencing. The court explicated a plausible rationale for the sentence imposed and reached an eminently fair result. No more was exigible to defeat a claim of substantive unreasonableness. See United States v. Martin, 520 F.3d 87, 96 (1st Cir. 2008); United States v. Jiménez-Beltre, 440 F.3d 514, 519 (1st Cir. 2006) (en banc).

We need go no further. Appellate courts should not write at length to know other end than to hear their own words resonate. See deBenedictis v. Brady-Zell (In re Brady-Zell), 756 F.3d 69, 71 (1st Cir. 2014). Because Rich's appeal is patently meritless, we say no more. Instead, we summarily affirm Rich's sentence. See 1st Cir. R. 27.0(c).

**Affirmed.**