**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 15-1914

WALTER TUVELL,

Plaintiff, Appellant,

v.

INTERNATIONAL BUSINESS MACHINES, INC.,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Denise J. Casper, U.S. District Judge]

Before

Torruella, Lynch, and Thompson,
Circuit Judges.

Andrew P. Hanson for appellant.
Matthew A. Porter, with whom Joan Ackerstein and Anne Selinger
were on brief, for appellee.

May 13, 2016

**PER CURIAM**. The plaintiff, Walter Tuvell, brought this action against his former employer, defendant International Business Machines, Inc. ("IBM") claiming that it violated the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. and Mass. Gen. Laws Ann. ch. 151B, §§ 4(1), 4(4), 4(5), 4(16). In sum, the complaint alleged that IBM failed to reasonably accommodate Tuvell's disability (post-traumatic stress disorder), discriminated against him because of this disability, as well as because of his race, gender, and age (white male born in 1947), retaliated against him, including unlawfully terminating him, and failed to properly investigate his allegations. After discovery was conducted, IBM moved for summary judgment on all counts. The district court granted the motion. Tuvell v. Int'l Bus. Machines, Inc., No. CIV.A. 13-11292-DJC, 2015 WL 4092614, at *1 (D. Mass. July 7, 2015). Tuvell now appeals.

In finding for IBM, the district court concluded that Tuvell could not establish a viable accommodation claim because his own medical reports and provider showed that he was incapable of performing his essential job functions even with accommodation and, therefore, Tuvell was not a qualified disabled individual. And, even assuming arguendo Tuvell was so qualified, the court concluded that IBM did attempt to engage in an interactive process with Tuvell and offered him reasonable accommodations (e.g., providing extended leave and proposing different review and

- 2 -

feedback procedures).  With respect to Tuvell's disability-based discrimination claim, the court held that Tuvell could not make out a valid claim because the undisputed facts established (1) he was not able to perform the essential functions of his job, (2) the actions alleged by Tuvell (i.e., his not getting a job in another group, certain other "tangible acts"[1]) were not sufficiently adverse, and (3) IBM had a legitimate, non-discriminatory reason to terminate Tuvell, which was the fact that he started working for another software company while still on leave from IBM.  For similar reasons (that is, no adverse employment actions and a legitimate termination) Tuvell's retaliation claims were also found by the court to be unmeritorious.  As for his race, age, and gender-based discrimination claims, the court decided that Tuvell alleged no facts to support these claims and only appeared to vaguely argue

---

[1] Examples of the so-called tangible acts included IBM limiting Tuvell's facilities access when he was on leave, sending him a warning letter regarding his communication with colleagues, and failing to process his internal complaint.  Tuvell also alleges that these acts formed the basis of a hostile work environment claim -- a contention the district court rejected. Relatedly, the court also dismissed Tuvell's failure to investigate claim since it concluded that the supposed failure to investigate did not give rise to a hostile work environment and, to the extent Tuvell was trying to advance a standalone Massachusetts claim, failure to investigate does not give rise to an independent cause of action absent underlying proof of discrimination.

that his being required to switch projects with a younger Asian female must have constituted discrimination.[2]

Under the plenary standard of review for summary judgment, we perceive no genuine issue of material fact and agree with the district court that IBM is entitled to judgment as a matter of law. See Veléz-Vélez v. Puerto Rico Highway & Transp. Auth., 795 F.3d 230, 235 (1st Cir. 2015); Fed. R. Civ. P. 56(a). Simply said, the district court got it right. It closely considered each of Tuvell's arguments and, in clear terms and for persuasive reasons, rejected them.

We have made it abundantly clear that "when lower courts have supportably found the facts, applied the appropriate legal standards, articulated their reasoning clearly, and reached a correct result, a reviewing court ought not to write at length merely to hear its own words resonate." deBenedictis v. Brady-Zell (In re Brady-Zell), 756 F.3d 69, 71 (1st Cir. 2014); see also Seaco Ins. Co. v. Davis-Irish, 300 F.3d 84, 86 (1st Cir. 2002) (providing that "when a lower court accurately takes the measure of a case and articulates a cogent rationale, it serves no useful purpose for a reviewing court to write at length").

---

[2] Tuvell does not appear to contest on appeal the dismissal of his race, age, and gender discrimination claims.

This is one of those cases.  We summarily affirm the judgment below for substantially the reasons articulated in the district court's opinion.

Affirmed. See 1st Cir. R. 27.0(c).