Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

---

No. 15-2213

COOK & COMPANY INSURANCE SERVICES, INC.,

Plaintiff, Appellant,

v.

VOLUNTEER FIREMEN'S INSURANCE SERVICES, INC.,

Defendant, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Richard G. Stearns, U.S. District Judge]

---

Before

Thompson, Selya and Kayatta,
Circuit Judges.

---

Bart W. Heemskerk for appellant.
James Gray Wagner, with whom Russell F. Conn, Katherine A. Kelter, and Conn Kavanaugh Rosenthal Peisch & Ford, LLP, were on brief, for appellee.

---

August 3, 2016

---

**SELYA, Circuit Judge.** This civil action is brought under diversity jurisdiction. See 28 U.S.C. § 1332(a). Massachusetts law furnishes the substantive rules of decision. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938); Summers v. Fin. Freedom Acq. LLC, 807 F.3d 351, 354 (1st Cir. 2015).

The case is straightforward. Plaintiff-appellant Cook & Company Insurance Services, Inc. (Cook), a commercial insurance brokerage firm, sues an insurance company, defendant-appellee Volunteer Firemen's Insurance Services, Inc. (VFIS), for tortious interference with advantageous business relations, civil conspiracy, and unfair trade practices. All of its causes of action arise out of the activities of Gowrie, Barden & Brett, Inc. (Gowrie), a competitor of Cook but not a party to this suit. According to Cook's complaint, Gowrie's activities included hiring away certain at-will Cook employees to staff a competing operation, timing these hirings to optimize its gains and thus to inflict maximum financial harm on Cook's business, and poaching Cook's customers. Cook alleges, in the alternative, that Gowrie either acted as VFIS' agent in undertaking these activities or was aided and abetted by VFIS.

The district court, responding to a motion filed by VFIS pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissed Cook's complaint for failure to state a claim upon which relief could be granted. See Cook & Co. Ins. Servs., Inc. v. Volunteer

Firemen's Ins. Servs., Inc., No. 15-12342, 2015 WL 5458279, at *3 (D. Mass. Sept. 17, 2015). The court concluded that, on the facts alleged in the complaint, Cook had not plausibly identified any tortious or wrongful act attributable to VFIS. Nor had Cook "allege[d] facts suggesting any improper motive that surpasses the permissible bounds of rough-and-tumble business competition." Id. at *2. Cook now appeals.

We need not tarry. We have made it luminously clear, time and again, that there are cases in which we ought not to write at length, for doing so would achieve no other purpose than to hear our own words resonate. See, e.g., deBenedictis v. Brady-Zell (In re Brady-Zell), 756 F.3d 69, 71 (1st Cir. 2014); Vargas-Ruiz v. Golden Arch Dev., Inc., 368 F.3d 1, 2 (1st Cir. 2004); Lawton v. State Mut. Life Assur. Co. of Am., 101 F.3d 218, 220 (1st Cir. 1996); Holders Capital Corp. v. Cal. Union Ins. Co. (In re San Juan Dupont Plaza Hotel Fire Litig.), 989 F.2d 36, 38 (1st Cir. 1993). This is such a case.

Here, the district court has accurately taken the measure of Cook's complaint and lucidly articulated its reasoning in support of dismissal. We do not think that any useful purpose would be served were we to repastinate ground already well-plowed. Accordingly, we affirm the judgment below for substantially the reasons limned in the district court's cogent opinion.

- 3 -

We make only one further observation.  The Supreme Court has stated that, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  This plausibility standard has become the "new normal" for federal pleading purposes.  A.G. v. Elsevier, Inc., 732 F.3d 77, 79 (1st Cir. 2013).

An inquiry into the plausibility of a complaint requires a two-step pavane.  See García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013); Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 53 (1st Cir. 2013).  First, we "separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)."  Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012).  Second, we decide if the factual allegations are sufficient to state a plausible claim against the defendant on some cognizable theory.  See Haley v. City of Bos., 657 F.3d 39, 46 (1st Cir. 2011).

In this instance, Cook's complaint is long on conclusory legal allegations, but it is conspicuously short of the type of factual allegations that are needed to state a plausible claim.  From a factual standpoint, it paints a picture of Gowrie maneuvering to gain advantage over Cook in the marketplace and the

- 4 -

use of bare-knuckle tactics to achieve that goal.  But competitive infighting, though sometimes unattractive, is not per se unlawful; and here, the complaint is bereft of factual allegations adequate to show that either Gowrie or VFIS committed any tortious or wrongful acts.

The closest that the complaint comes to meeting this benchmark is Cook's allegation that one of its own managers, while still employed by it, breached a duty of loyalty owed to Cook by giving Gowrie information about Cook's future business plans.  Yet the complaint offers no facts suggesting that either Gowrie or VFIS engaged in any tortious or otherwise wrongful acts in connection with that alleged breach.  Without more, we — like the court below — are unable to say that Cook has satisfied the plausibility standard.  See S.E.C. v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010) (en banc) (explaining that "[i]f the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal").

We need go no further.  The judgment below is summarily

**Affirmed.**  See 1st Cir. R. 27.0(c).

- 5 -