**FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## FOR THE FIRST CIRCUIT

---

**BAP NO. MW 20-020**

---

**Bankruptcy Case No. 11-43854-CJP**

---

**TRACY L. KROWEL,**
**Debtor.**

---

**SHREWSBURY STREET DEVELOPMENT COMPANIES, INC.,**
**Appellant,**

**v.**

**SANTO ARCURI,**
**JOSEPH H. BALDIGA, Chapter 7 Trustee, and**
**TRACY L. KROWEL,**
**Appellees.**

---

**Appeal from the United States Bankruptcy Court**
**for the District of Massachusetts**
**(Hon. Christopher J. Panos, U.S. Bankruptcy Judge)**

---

**Before**
**Lamoutte, Cabán, and Fagone,**
**United States Bankruptcy Appellate Panel Judges.**

---

**David Baker, Esq., on brief for Appellant.**
**Philip F. Coppinger, Esq., on brief for Appellee, Santo Arcuri.**
**No briefs submitted for Appellees, Joseph H. Baldiga, Chapter 7 Trustee, and Tracy L. Krowel.**

---

**September 10, 2021**

---

**Fagone, U.S. Bankruptcy Appellate Panel Judge.**

Shrewsbury Street Development Companies, Inc. ("SSDC") appeals from three bankruptcy court orders: (1) an order denying SSDC's request, under § 350(b), for an order reopening the chapter 7 bankruptcy case of Tracy L. Krowel (the "Debtor" or "Krowel"); (2) an order denying a request to vacate a prior order granting relief from the automatic stay in favor of Santo Arcuri ("Arcuri"); and (3) an order denying a motion to reconsider those two orders.[1]  For the reasons discussed below, we **DISMISS** this appeal due to SSDC's lack of appellate standing.

## FACTS

The underlying facts and procedural history of this appeal are, for the most part, set forth in our prior opinion entered on this date in a related appeal, Blackstone Investment Partners, LLC v. Arcuri (In re Krowel), BAP No. MW 20-019, slip op. (B.A.P. 1st Cir. Sept. 10, 2021).[2]  Accordingly, we incorporate by reference the facts set forth in that opinion.  Although the facts and issues presented in the two appeals overlap to a significant degree, they are not identical.  As a result, we resume our analysis by providing some additional details regarding the specific orders that are challenged in this appeal.  As noted below, we adopt the reasoning of the prior opinion in full.

---

[1]  Unless otherwise noted, all references to specific statutory sections are to 11 U.S.C. §§ 101-1532.  All references to "Bankruptcy Rules" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rules" are to the Federal Rules of Civil Procedure.

[2]  We characterize this appeal and BAP No. MW 20-019 as related for several reasons.  First, both appellants assign error to the bankruptcy court's refusal to reopen the Debtor's case.  Second, the appellants appear to share a common, overarching goal of challenging the same state court orders and unraveling a sale of the same property.  Third, the appellants share the same counsel and submitted nearly identical briefs in their respective appeals.  Finally, Arcuri represents that the appellants share a common principal, Ara Eresian, Jr.

## I.     The Orders Denying SSDC's Motion to Reopen and the Motion to Vacate Stay Relief

In a bench ruling delivered in April 2018, the bankruptcy court denied SSDC's motion to reopen the Debtor's case (the "Motion to Reopen") and its motion to vacate stay relief, nunc pro tunc, to November 18, 2011 (the "Motion to Vacate"), reasoning:

> In a Chapter 7 case in 2011, a proof of claim was filed.  It was a no-asset case.  The case was fully administered and . . . in the interim, SSDC dissolved and was reconstituted.  It was originally controlled by Fiorillo.
>
> There are issues with . . . the passage of time, you've got the issue of the housing court entering orders that held that Arcuri was the owner by virtue of a judicial sale which may relate to that attachment.  So I'm going to deny both the motions.  I won't reopen the case.  I don't see any cause for doing that, particularly with this passage of time.
>
> And I won't vacate the bankruptcy court's order from 2011 on the motion granting relief from stay with the knowledge that . . . whatever findings the bankruptcy court . . . made at that time, . . . that's a Grella type standard . . . .  Just a summary review and a grant of relief from stay based on the . . . demonstration of a colorable claim, as opposed to a final determination of whether there was a lien or not.

The court added that, under the Rooker-Feldman doctrine, it lacked jurisdiction to determine whether the Debtor had an interest in the property, as that issue had been resolved by a final state court determination.  Separate orders entered the next day (the "Section 350 Order" and the "Rule 60 Order," respectively), denying the motions for the reasons articulated on the record.

## II.     SSDC's Motion for Reconsideration

SSDC sought reconsideration of both the Section 350 Order and the Rule 60 Order.  In May 2020, the court entered an order denying SSDC's motion for reconsideration (the "Rule 59 Order").  Finding "no basis to disturb" either order, the court nonetheless "supplement[ed] and clarifie[d]" its rulings.  To begin with, the court specified that it was treating the reconsideration motion as one under Rule 59(e) (made applicable by Bankruptcy Rule 9023) because the motion

3

was filed within 14 days of the challenged orders. The court further indicated it was relying on the standard established for such motions set forth in <u>Nieves Guzmán v. Wiscovitch Rentas (In re Nieves Guzmán)</u>, 567 B.R. 854, 863 (B.A.P. 1st Cir. 2017). With respect to the Section 350 Order, the court supplemented its finding that SSDC failed to establish cause with an added conclusion that SSDC lacked standing, stating:

> Although the Court did not explicitly address SSDC's standing to seek to reopen the case on the record at the Hearing, the Court supplements its Order on the Motion to Reopen to find that SSDC's request fails due to its lack of standing – in addition to its failure to demonstrate adequate cause.
>
> SSDC does not have standing to seek to reopen the Debtor's Chapter 7 case because it is not a "party in interest" under Fed. R. Bankr. P. 5010. . . .
>
> SSDC, as the alleged owner of the Property, is not one of the enumerated parties set forth in § 1109(b), and SSDC has not shown that it is an "entity whose pecuniary interests might be directly and adversely affected" if the case is not reopened. <u>See</u> [<u>W. Auto Supply Co. v. Savage Arms, Inc. (In re Savage Indus., Inc.)</u>, 43 F.3d 714, 720 (1st Cir. 1994)]. SSDC does not contend that it is one of the Debtor's creditors, and it was not listed as such on the Debtor's schedules. More importantly, SSDC does not seek to reopen this no asset case so that the Chapter 7 trustee may administer assets or to accord relief to the Debtor. Rather, it appears that SSDC's motivation in attempting to reopen Krowel's case is to obtain Court orders that may strategically benefit SSDC as it seeks a declaration of ownership of and possessory rights in the Property in state court proceedings challenging Arcuri's interest as determined pursuant to various state court orders[ ] . . . [and] to gain perceived tactical advantage in litigation unrelated to this closed case and that would not benefit the estate.
>
>  . . . [R]egardless of whether Krowel's case is reopened, SSDC may seek to pursue its claims of ownership and challenges to Arcuri's interests in the Property in state court. Denial of the Motion to Reopen did not "directly and adversely affect" SSDC's pecuniary interests as to this dispute. . . . Accordingly, SSDC lacks standing to seek to reopen the Debtor's case to "reconsider" a proof of claim in a no asset Chapter 7 case.

(footnote omitted). The court also rejected SSDC's argument that it had misapplied the <u>Rooker-Feldman</u> doctrine, explaining:

4

SSDC argues that Rooker-Feldman does not apply to it with respect to the Housing Court Order because SSDC was not a party to the proceeding, but the Court did not make a Rooker-Feldman determination regarding SSDC. At the Hearing, the Court assessed Rooker-Feldman with respect to the question of whether the Court is prevented from revisiting the Debtor's claim to the Property and, therefore, the relevance of SSDC's purported ownership interest in the Property . . . .

Finally, the court reiterated that there was no basis to disturb the Rule 60 Order, elaborating:

SSDC has not demonstrated that Arcuri failed to demonstrate a "colorable claim" that it possessed an interest in the Property at the time the motion was granted or that SSDC was aggrieved by the Stay Relief Order. See Grella v. Salem Five Cent Savs. Bank, 42 F.3d 26, 32 (1st Cir. 1994). In determining whether a creditor has a colorable claim and therefore standing to seek relief from the automatic stay, a bankruptcy court need not fully adjudicate the merits of the creditor's claims as "the hearing on a motion to lift the stay is not a proceeding for determining the merits of the underlying substantive claims, defenses, or counterclaims," but rather is a "summary proceeding." Id. "As a matter of law, the only issue properly and necessarily before a bankruptcy court during relief from stay proceedings is whether the movant creditor has a colorable claim; thus, a decision to lift the stay is not an adjudication of the validity or avoidability of the claim, but only a determination that the creditor's claim is sufficiently plausible to allow its prosecution elsewhere." Id. at 34.

The Court determined that Arcuri possessed a colorable claim sufficient for him to seek to enforce his claimed lien in accordance with applicable law. The Stay Relief Order contemplated that Arcuri would proceed with an action in state court to enforce his remedies. Again, SSDC now claims to be the owner of the property based on theories stemming from rulings of the state court after the case was closed, so its standing to oppose and the relevance of its objection to the Arcuri Stay Relief Motion requesting relief from the automatic stay are unclear. The Trustee did not oppose the motion. This Court made no determination regarding Arcuri's rights or remedies, other than that his claim was sufficiently plausible to warrant relief from the automatic stay to allow its prosecution under state law. Moreover, the automatic stay terminated by operation of law as to the Debtor when she received a discharge, see § 362(c)(2)(C), long before SSDC filed the Motion to Vacate. It is unclear how SSDC was aggrieved by the Stay Relief Order.

Since [SSDC] has not demonstrated a manifest error of law or newly discovered evidence that warrants reconsideration of the Orders, the request for reconsideration is denied.

This appeal followed.

5

**DISCUSSION**

**I.    SSDC Lacks Appellate Standing**

The analysis of our jurisdiction essentially proceeds along the same lines as the jurisdictional analysis set forth in the prior opinion.  While the appealed orders may be final, see Ritzen Grp., Inc. v. Jackson Masonry, LLC, 140 S. Ct. 582, 587 (2020), this appeal suffers from other jurisdictional infirmities which preclude us from hearing it.  Specifically, SSDC has not suffered the kind of concrete, pecuniary harm stemming from the appealed orders that is the sine qua non of appellate standing in the bankruptcy context in this circuit.  See In re El San Juan Hotel, 809 F.2d 151, 154 (1st Cir. 1987) (stating "the right of appellate review in bankruptcy proceedings has historically been limited to 'persons aggrieved,' i.e., to those persons whose rights or interests are 'directly and adversely affected pecuniarily' by the order or decree of the bankruptcy court") (citations omitted).  SSDC's characterization of itself as a "party in interest," even if accurate, has no bearing on its appellate standing: we "apply a 'person[ ] aggrieved standard,' not a 'party in interest' standard, to determine bankruptcy appellate standing." Encanto Rests., Inc. v. Aquino Vidal (In re Cousins Int'l Food, Corp.), 565 B.R. 450, 459 (B.A.P. 1st Cir. 2017) (citation omitted) (internal quotation marks omitted).

Moreover, the orders challenged on appeal do not directly and adversely affect SSDC's rights or interests.  They are not directed at SSDC or its property.  SSDC is not a creditor and did not acquire the property in any transaction approved by the bankruptcy court.  This record discloses no connection between SSDC and either the property or the Debtor in existence at the time of SSDC's request to reopen, prompting us to conclude that, at that point in time, SSDC was a stranger to both.  It goes without saying, SSDC is the one who asked the court to reopen

6

the case, and the denial of its request could therefore be characterized as a disappointment to SSDC. But the disappointment stemming from the mere denial of a request—particularly by an entity not entitled to make that request under applicable law—by itself, does not constitute a sufficient harm to confer appellate standing. Indeed, contingent or speculative harm has never been enough in this circuit to satisfy the requirement of appellate standing. See id. ("To be directly affected by the order, the appellant's pecuniary interests . . . cannot be merely contingent or speculative.") (citations omitted) (internal quotation marks omitted). Accordingly, this appeal is **DISMISSED** due to SSDC's lack of standing.

Despite our ruling regarding SSDC's standing, we are compelled to make an additional observation: even if we had reached a different conclusion regarding our jurisdiction, this appeal would be easily resolved as one lacking in substance and doomed from the start. Although the merits would lend themselves to easy resolution, such that it would be appropriate to characterize them as "foreordained," see Sinapi v. R.I. Bd. of Bar Examiners, 910 F.3d 544, 550 (1st Cir. 2018) (citation omitted), we would not exercise hypothetical jurisdiction in this instance as the jurisdictional question is neither "thorny" nor a close call. See First State Ins. Co. v. Nat'l Cas. Co., 781 F.3d 7, 10 n.2 (1st Cir. 2015). Nonetheless, mindful that Arcuri has filed a motion for sanctions under Bankruptcy Rule 8020, we offer a few words about the merits of this appeal. See Shrewsbury St. Dev. Cos. v. Arcuri (In re Krowel), BAP No. MW 20-020 (B.A.P. 1st Cir. Sept. 10, 2021) (Order Granting Appellee's Motion for Damages and Costs Under Federal Rule of Bankruptcy Procedure 8020). Even a cursory survey of the merits reveals not only the futility of this appeal but the woeful deficits in SSDC's appellate efforts.

**II.     Even if SSDC had Appellate Standing, this Appeal Would Still be Doomed**

Although SSDC appeals three orders, were we to reach the merits, in the end, we would consider only one of them.  This is because SSDC's brief is silent regarding one of the appealed orders—the Rule 59 Order.[3]  Accordingly, we would view the appeal of that order as waived. See Tower v. Leslie-Brown, 326 F.3d 290, 299 (1st Cir. 2003) ("[W]e have made it abundantly clear that failure to brief an argument does, in fact, constitute waiver for purposes of appeal.") (citation omitted).  This would leave the Section 350 Order and the Rule 60 Order.  And, as discussed below, we would then decline to review the Rule 60 Order, as SSDC's briefing on that issue is so deficient as to preclude any meaningful appellate review.  Thus, only the Section 350 Order would warrant scrutiny in any merits disposition.

**A.     The Section 350 Order**

A bankruptcy case "may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."  11 U.S.C. § 350(b).  A closed case "may be reopened on motion of the debtor or other party in interest . . . ."  Fed. R. Bankr. P. 5010.  On appeal, SSDC first observes that the party-in-interest requirement does not appear in § 350 and that the statute requires only "cause."  Next, SSDC cites In re Dunning Brothers, Co., 410 B.R. 877 (Bankr. E.D. Cal. 2009), and contends that we should simply "deem" it a party in interest for reopening purposes.  Finally, SSDC posits that "reopening for the purpose of properly scheduling" a purported asset constitutes cause within the meaning of

---

[3]  This omission is likely the result of SSDC's submission of a brief that is nearly identical to the brief submitted by Blackstone Investment Partners, LLC ("Blackstone"), in BAP No. MW 20-019.  Indeed, this choice makes it difficult to parse the various arguments advanced on behalf of the respective appellants.

§ 350(b).  We would be unpersuaded by the first two arguments and would view the third as wide of the mark on this record.

It is true, as SSDC observes, that § 350 does not delimit the universe of persons who can ask the court to reopen a case.  But Bankruptcy Rule 5010 does, and SSDC has not even attempted to construct an argument that Bankruptcy Rule 5010 improperly restricts a substantive right conferred by statute.  In our view, Bankruptcy Rule 5010's use of the term "party in interest" makes good sense: a bankruptcy court can reopen a case but should do so only when faced with a request from a person with a meaningful connection to the case.  In short, we, like the bankruptcy court, would be persuaded that a request under § 350 must be made by the debtor or a party in interest.

Further, for reasons also stated in the prior opinion, see In re Krowel, BAP No. MW 20-019, slip op. at 9-10, we would conclude that the bankruptcy court's thorough analysis of Bankruptcy Rule 5010 and the case law interpreting the phrase "party in interest" under § 1109(b) is sound, presenting no abuse of discretion, and we would therefore adopt that analysis.  See deBenedictis v. Brady-Zell (In re Brady-Zell), 756 F.3d 69, 71 (1st Cir. 2014) (discouraging appellate courts from "writ[ing] at length" when trial courts have "supportably found the facts, applied the appropriate legal standards, articulated their reasoning clearly, and reached a correct result"); see also Ludvigsen v. Osborne (In re Ludvigsen), BAP No. MB 14-039, 2015 WL 3733193, at *3 (B.A.P. 1st Cir. Jan. 16, 2015) (identifying applicable standard of review).

Even if we were to overlook the party-in-interest requirement altogether as SSDC seems to urge or, alternatively, to deem SSDC a party in interest, SSDC still could not possibly satisfy the "cause" requirement of § 350(b).  For all the reasons that the invocations of cause failed in

9

Blackstone's appeal, they would fail here as well.  See In re Krowel, BAP No. MW 20-019, slip op. at 9-14.  SSDC's reliance on Dunning would do nothing to advance the ball.  See id.  That case is easily distinguishable from this one.

### B.      The Rule 60 Order

Citing Grella, the bankruptcy court ruled that "SSDC ha[d] not demonstrated that Arcuri failed to demonstrate a 'colorable claim' that it possessed an interest in the Property at the time the motion [for relief from stay] was granted or that SSDC was aggrieved by the Stay Relief Order."  Moreover, Grella served as the linchpin of the court's analysis both in the Rule 60 Order and, later, in the Rule 59 Order.  Yet, in its appellate brief, SSDC does not mention Grella or assign any error to the court's Grella analysis.  Instead, in cursory fashion, SSDC states merely that Arcuri did not have a "colorable claim."  With no meaningful citations to relevant authority regarding relief from the automatic stay and little explanation of the legal underpinnings of its claimed right to vacate an order entered ten years ago, SSDC's argument is perfunctory and undeveloped.  The First Circuit "regularly ha[s] considered such perfunctory arguments to be waived," warning "[i]t is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones."  DiVittorio v. HSBC Bank USA, NA (In re DiVittorio), 670 F.3d 273, 288-89 (1st Cir. 2012) (citations omitted) (internal quotation marks omitted).  Therefore, we would not need to consider SSDC's appeal of the Rule 60 Order and, consistent with DiVittorio, we would consider that appeal waived.

Even if we were to consider SSDC's appeal of the Rule 60 Order, we would conclude the appeal is meritless.  We are hard-pressed to see how SSDC can contend (let alone demonstrate)

10

that, when stay relief was granted to Arcuri, he did not possess at least a colorable claim to property of the estate. Arcuri filed a proof of claim and his claim was deemed allowed. <u>See</u> 11 U.S.C.§ 502(a); <u>cf.</u> Fed. R. Bankr. P. 3001(f) (creating a presumption based on the execution and filing of a proof of claim in accordance with the Federal Rules of Bankruptcy Procedure). The only objection to Arcuri's claim (filed by creditor, Ara Eresian, Jr.) was stricken, having been filed after the case was closed. Moreover, Arcuri asserted, in his proof of claim, that he was the holder of a security interest in property of the Debtor or the estate. Neither SSDC nor any other entity sought a determination of Arcuri's claim under § 506(a), Bankruptcy Rule 3015, or otherwise.

While SSDC points to a change in circumstances since the grant of stay relief in Arcuri's favor—namely, a state court ruling that the Debtor was the owner of the property—changed circumstances are not among the enumerated grounds justifying relief under Rule 60. Indeed, the notion that a change in circumstances following the entry of a bankruptcy court order might justify relief from that order flies in the face of generally accepted principles of finality of federal court orders. We would easily affirm the Rule 60 Order on the merits in the unlikely event we were to reach them. <u>See</u> <u>Ibrahim v. Bankowski (In re Ibrahim)</u>, BAP No. MB 18-020, 2019 WL 4127600, at *8 (B.A.P. 1st Cir. Aug. 28, 2019) (articulating abuse of discretion standard of review for orders denying motions to vacate).

Nevertheless, we acknowledge, as we did in the prior opinion, that SSDC's brief identifies nine issues on appeal. SSDC characterizes two of the nine listed issues as "immaterial." Whether that representation would amount to waiver or abandonment of those issues is, itself, immaterial, as we need not dwell on immaterial issues for reasons of judicial economy. We would conclude that none of the surviving issues have merit, noting that our

11

analysis of those issues and our assessment of Blackstone's brief set forth in the prior opinion applies equally here. Accordingly, that analysis and assessment would be incorporated here by reference. It is sufficient to say here that we would reject SSDC's arguments as so insubstantial that the outcome of this appeal should have been obvious to SSDC from the start.

## CONCLUSION

As we conclude that SSDC is without appellate standing, this appeal is **DISMISSED** for lack of jurisdiction.