Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

Nos. 21-9001
     21-9002

IN RE KITTERY POINT PARTNERS, LLC,

Debtor.

---

KITTERY POINT PARTNERS, LLC,

Appellant,

v.

BAYVIEW LOAN SERVICING, LLC,

Appellee.

---

APPEALS FROM THE BANKRUPTCY APPELLATE PANEL
FOR THE FIRST CIRCUIT

---

Before

Howard, Chief Judge,
Selya and Lynch, Circuit Judges.

---

George J. Marcus, David C. Johnson, and Marcus|Clegg on brief for appellant.
Andrew W. Sparks, Drummond & Drummond, LLP, Adam R. Prescott, and Bernstein Shur Sawyer & Nelson, P.A. on brief for appellee.

---

September 15, 2021

---

**PER CURIAM.** In this case, debtor-appellant Kittery Point Partners, LLC (KPP) seeks to challenge both an order of the bankruptcy court overruling its objection to a proof of claim and the bankruptcy court's ensuing entry of judgment on that claim. Faced with the bankruptcy court's adverse rulings, KPP prosecuted two first-tier appeals to the Bankruptcy Appellate Panel for the First Circuit (the BAP). Both of those appeals proved unavailing, and KPP now brings the matters before this court.

We have carefully reviewed the record and the parties' extensive briefs. In addition, we have the benefit of the bankruptcy court's comprehensive findings of fact and conclusions of law, see Kittery Point Partners, LLC v. Bayview Loan Servicing LLC & Todd Enright (In re Kittery Point Partners), No. 17-20316, 2018 WL 1613573 (Bankr. D. Me. Mar. 12, 2018), and its order overruling KPP's objection to the disputed claim, see In re Kittery Point Partners, LLC, 613 B.R. 42 (Bankr. D. Me. 2019). Finally, we also have the benefit of the BAP's exegetic rescript. See Kittery Point Partners, LLC v. Bayview Loan Servicing, LLC (In re Kittery Point Partners), 623 B.R. 825 (1st Cir. BAP 2021).

Having fully digested the papers in the case and canvassed the applicable legal standards (including those established by pertinent provisions of the Bankruptcy Rules), we see no need to tarry. As we have explained in earlier cases — with a regularity bordering on the monotonous — "when lower courts

have supportably found the facts, applied the appropriate legal standards, articulated their reasoning clearly, and reached a correct result, a reviewing court ought not to write at length merely to hear its own words resonate." deBenedictis v. Brady-Zell (In re Brady-Zell), 756 F.3d 69, 71 (1st Cir. 2014) (collecting cases). This is such a case. The claims of error advanced here have, for the most part, been convincingly rebutted by the BAP and/or the bankruptcy court. The other claims that the debtor now advances are either procedurally defaulted (since they were not seasonably raised below) or fatally undeveloped. In either event, those other claims are waived. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

We need go no further. We summarily affirm the judgment below for substantially the reasons elucidated by the BAP and the bankruptcy court in the opinions already mentioned.

**Affirmed**. See 1st Cir. R. 27.0(c).