Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 19-1774

LINDA FELIX,

Plaintiff, Appellant,

v.

TOWN OF KINGSTON, MASSACHUSETTS; SANDY MACFARLANE, as an
individual and in her capacity as a member of the Board of
Selectmen of the Town of Kingston; ELAINE FIORE, as an
individual and in her capacity as a member of the Board of
Selectmen of the Town of Kingston; DENNIS RANDALL, as an
individual and in his capacity as a member of the Board of
Selectmen of the Town of Kingston; THOMAS CROCE, as an
individual and in his capacity as a member of the Council on
Aging; FLORENCE CERULLO; ROBERT FENNESSY, Town Administrator for
the Town of Kingston,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Donald L. Cabell, U.S. Magistrate Judge]

Before

Thompson, Lipez, Circuit Judges,
and Torresen,* District Judge.

Thomas Russell Mason, with whom Law Offices of Thomas Mason
was on brief, for appellant.

---

* Of the District of Maine, sitting by designation.

          Leonard H. Kesten, with whom Deidre Brennan Regan and Brody, Hardoon, Perkins & Kesten, LLP were on brief, for appellees.

December 23, 2021

**THOMPSON, <u>Circuit Judge</u>.** As the result of some sort of mutual misunderstanding, after her term as Director of Elder Affairs expired on December 31, 2013, Linda Felix ("Felix") found herself on leave under the Family and Medical Leave Act ("FMLA") from a job she no longer held. Felix requested and was granted the maximum FMLA leave[1] by her employer, the Town of Kingston ("the Town"), but a few months into her leave, her job, which was a term position subject to reappointment, ended. She was not reappointed as Director or selected to interview when she reapplied as the Town set about to fill the vacancy.

The parties are familiar with the sequence of events that brought them to court, so we need not rehash all of those details here.[2] Following her unsuccessful application for rehire, Felix brought claims against the Town and various town employees[3] for violation of the FMLA, 29 U.S.C. § 2615 (FMLA interference and FMLA retaliation, to be precise), Massachusetts' employment discrimination statute, M.G.L. c. 151B, its whistleblower

---

[1] The FMLA guarantees workers twelve weeks of unpaid leave during any twelve-month period for, among other things, a serious medical condition that renders the employee unable to perform her job duties. 29 U.S.C. § 2612(a)(1)(D)(c).

[2] For those less familiar and interested in learning more, <u>see</u> Memorandum and Opinion on Motion for Summary Judgment, No. 15-CV-14022-DLC, 2019 WL 7565449 (D. Mass. July 8, 2019).

[3] We note that Appellee Thomas Croce, a member of the Council on Aging, is now deceased.

- 3 -

protection statute, M.G.L. c. 149, § 185, and she also alleged various state common law torts.[4]  Spying no genuine issue of material fact anywhere and determining the defendants were entitled to judgment as a matter of law, the magistrate judge[5] issued a comprehensive memorandum and order granting summary judgment in favor of the defendants on all claims, and Felix asks us to reverse and remand the magistrate judge's decision.  Having carefully reviewed the parties' submissions and the controlling case law, however, we see no reason to disturb the well-reasoned decision articulated below.  And "when lower courts have supportably found the facts, applied the appropriate legal standards, articulated their reasoning clearly, and reached a correct result, a reviewing court ought not to write at length merely to hear its own words resonate."  In re Brady-Zell, 756 F.3d 69, 71 (1st Cir. 2014) (citing cases).  We therefore affirm the comprehensive decision below, briefly adding a bit of our own discussion along the way.[6]

---

[4] In her summary judgment briefing below and before us, Felix talks up a claim under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (the "ADA"), but her amended complaint contained no such claim.

[5] The parties consented to the jurisdiction of Magistrate Judge Cabell on April 11, 2016.  See No. 15-cv-14022-DLC, Dkt. No. 09.

[6] We do not address each cause of action brought by Felix here because, as we mention above, we've thoroughly reviewed each claim and, like the magistrate judge, find them meritless.

First, some basic summary-judgment principles guide our brief discussion here. Our review is de novo. Brader v. Biogen Inc., 983 F.3d 39, 53 (1st Cir. 2020); Ortiz-Martínez v. Fresenius Health Partners, PR, LLC, 853 F.3d 599, 604 (1st Cir. 2017). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Ameen v. Amphenol Printed Cirs., Inc., 777 F.3d 63, 68 (1st Cir. 2015) (quoting Barclays Bank PLC v. Poynter, 710 F.3d 16,19 (1st Cir. 2013)). "A genuine issue of fact exists where 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Taylor v. Am. Chemistry Council, 576 F.3d 16, 24 (1st Cir. 2009) (quoting Chadwick v. WellPoint, Inc., 561 F.3d 38, 43 (1st Cir. 2009)). The court must examine "the record in the light most favorable to the nonmovant" and must make "all reasonable inferences in that party's favor." Ameen, 777 F.3d at 68 (quoting Barclays, 710 F.3d at 19). "While we resolve all reasonable inferences in favor of the nonmoving party, we 'must ignore conclusory allegations, improbable inferences, and unsupported speculation.'" Taylor, 576 F.3d at 24 (quoting Am. Steel Erectors, Inc. v. Loc. Union No. 7, Int'l Ass'n of Bridge, Structural, Ornamental & Reinforcing Iron Workers, 536 F.3d 68, 75 (1st Cir. 2008)). We are free to affirm the entry of summary judgment "on any basis apparent in the record." Jones v. Nationwide Life Ins. Co., 696 F.3d 78, 86 (1st Cir. 2012)

(quoting Chiang v. Verizon New Eng. Inc., 595 F.3d 26, 34 (1st Cir. 2010)).

Before us, Felix sweepingly asserts[7] that the district court failed to take her factual allegations as true and draw all reasonable inferences in her favor. Somewhat more specifically, Felix insists, primarily, that there are three factual matters the magistrate judge either overlooked or got wrong -- specifically, facts that prove she was retaliatorily terminated and facts which demonstrate the merits of her state law cause of action. These errors, she asserts, doomed her FMLA and Massachusetts disability claims. Countering, appellees insist that the record reveals "no genuine issue as to any material fact and [that] the Defendants are entitled to judgment as a matter of law."

The first fact Felix hammers is a May 29, 2014 email from John Clifford, former counsel for the Town, which stated that following her FMLA leave, Felix did not return to her position and was terminated. Felix leans heavily on the use of the word "terminated" -- urging that this is "smoking gun" evidence she was affirmatively "terminated" as opposed to her appointment expiring, simply because this email literally says so. But we agree with

---

[7] As mentioned earlier, Felix argues that the lower court failed to make all reasonable inferences in her favor, but never clearly delineates which particular legal determinations were affected by this supposed failure concerning her purported "termination."

the magistrate judge's assessment on this matter:  A smoking gun it is not.  Notwithstanding the email's use of the word "terminated," the timeline here, as borne out by the record, supports only the conclusion that Felix's formal appointment had ended, and as of January 1, 2014, Felix was no longer employed by the Town.  As the magistrate judge stated during the summary judgment argument, "there is an unfortunate dissidence between the way people were talking about what happened to her as of December 31st [2013].  Because it is clear, it is beyond dispute that her position formally ended."  Put differently and consistent with record support, this is ultimately a matter of poor word choice on the part of the Town counsel, but it does not carry with it the legal import Felix wants it to.  She wasn't fired or terminated; her appointment came to a natural end when the Town Board of Selectmen did not vote to renew her term.  And, once her appointment contractually ended, the Town was under no obligation to restore her to her position -- or any other position, and Felix doesn't argue otherwise.[8]  See generally Town of Brookfield v. Lab. Rels. Comm'n, 443 Mass. 315, 316-17, 821 N.E.2d 51, 53 (2005) (police officers' terms expired and employment ended when their

---

[8] Of course, had Felix returned to work before her position ended, she would have been entitled to be reinstated to her previous position, 29 U.S.C. § 2614(a)(1)(A), or "to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment."  Id., § 2614(a)(1)(B); see also 29 C.F.R. § 825.215 (defining the phrase "equivalent position").

names were not submitted to the board of selectmen, and the board did not vote on whether to reappoint them); Mass. Coal. of Police, Loc. 165, AFL-CIO v. Town of Northborough, 416 Mass. 252, 255, 620 N.E.2d 765, 767 (1993) (town's board of selectmen's decision not to reappoint police officer ended his employment, but court concluded he had not been terminated or removed from his position).

Felix cannot rest her claims of retaliation on a termination (i.e., adverse employment action) that never occurred, so the Town counsel's misuse of the term "terminated" does not amount to an actual adverse employment action necessary to establish a claim of retaliation. See Carrero-Ojeda v. Autoridad de Energía Eléctrica, 755 F.3d 711, 719 (1st Cir. 2014) (in a FMLA retaliation case, plaintiff alleging retaliation must establish that she availed herself of a protected FMLA right, that she was adversely affected by an employment decision, and that there was a causal connection between her protected conduct and the adverse employment action).

The second factual issue that Felix believes the lower court overlooked is more evidence she contends supports her assertion that she was terminated rather than simply not reappointed as the Town insists happened. This time, Felix points to litigation deposition testimony from a Town employee, Nancy Howlett, who said that Robert Fennessy, the Town Administrator, told her to pay Felix her (presumably) accrued vacation time

- 8 -

because her appointment was up in December of 2013 and Felix was not coming back.[9] This statement, says Felix, proves she was fired. But we do not see how any reasonable juror could derive that conclusion from this testimony. Fennessy's statement was quite literally true. As stated before, the Town had no obligation to extend her employment and the selectmen opted not to do so. See Brader, 983 F.3d at 53 ("The nonmovant cannot rely on conclusory allegations, improbable inferences, and unsupported speculation."). Therefore, we, like the magistrate judge before us, do not read into this statement what Felix suggests.

The final fact issue we want to touch upon concerns Felix's claim made under Mass Gen. Laws ch. 151B § 4(16) that when she reapplied for her job after both her appointment and FMLA leave ended, the Town requested information about her disability in contravention of Mass. Gen. Laws ch. 151B § 4(16). This statute prohibits employers from "mak[ing] preemployment inquiry of an applicant as to whether the applicant is a handicapped individual or as to the nature or severity of the handicap," but it is currently unsettled as to whether the statute provides a private cause of action. See Martino v. Forward Air, Inc., 609 F.3d 1, 3-4 (1st Cir. 2010) (quoting Mass. Gen. Laws ch. 151B § 4(16)).

---

[9] The record citation to this statement does not include a date or time that this conversation occurred, making it even more difficult to assess its meaning in relation to the other events, including her appointment ending.

Even if we assume favorably to Felix that there is a private cause of action (as the magistrate judge did, too), Felix can't win on this issue. The record evidence includes a brief email exchange between the Town's counsel and Felix's counsel following the end of Felix's FMLA leave and that she was potentially going "to apply for a reasonable accommodation." In it, the Town's counsel requests a list of any accommodations Felix might need along with Felix's request to be reappointed to her position, and he assures Felix's counsel that any conversations regarding accommodations would happen outside of the public eye. Notably, the Town's counsel and Felix's counsel never actually discuss any potential accommodations Felix may require, and according to Fennessy's deposition testimony, the Town's counsel played no role in the selection process when Felix reapplied, i.e., any information he may have received about her disability (which appears to be none) would not have been a part of the deliberation over her candidacy. Beyond self-serving conjecture, Felix presented no evidence to refute these declarations. Therefore, as the magistrate judge noted, this inquiry, when viewed in context, is not the type of pre-employment inquiry contemplated by Mass. Gen. Laws. ch. 151B § 4(16).[10] We agree -- so we decline to consider it further.

---

[10] Indeed, had Felix's term been extended, or had she been hired for the Director position upon reapplication and needed an

- 10 -

As we mentioned a few pages ago, our discussion here is brief and to the point because the magistrate judge carefully analyzed and disposed of each claim.  See In re Brady-Zell, 756 F.3d at 71.  Despite Felix's attempts to persuade us -- and the magistrate judge -- otherwise, Felix simply hasn't "adduce[d] specific facts showing that a trier of fact could reasonably find in [her] favor."  Thompson v. Gold Medal Bakery, Inc., 989 F.3d 135, 141 (1st Cir. 2021) (quoting Brader, 983 F.3d at 53).  She "cannot rely on conclusory allegations, improbable inferences, acrimonious invective, or rank speculation," id., (internal quotations omitted) and, upon our review, we conclude that's what happened here (and below).  Indeed, Felix has not provided any specific facts beyond her own speculation and conclusions unsupported by record evidence to show that she was discriminated against or retaliated against when her employment with the Town ended, and because of that, we **affirm**.

Each party shall bear its own costs.

---

accommodation due to a disability, engaging in an interactive process would have necessitated disclosure of her medical issues. See Mass. Gen. Laws ch. 151B § 4(1E)(c).