**Not For Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 22-1793

UNITED STATES OF AMERICA,

Appellee,

v.

NEIL DEXTER,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Landya B. McCafferty, U.S. District Judge]

Before

Montecalvo, Selya, and Lynch,
Circuit Judges.

Murat Erkan and Erkan & Associates on brief for appellant.
Jane E. Young, United States Attorney, and Seth R. Aframe,
Assistant United States Attorney, on brief for appellee.

September 18, 2023

**PER CURIAM**.  Following his conditional guilty plea, see Fed. R. Crim. P. 11(a)(2), the district court sentenced defendant-appellant Neil Dexter to time served, together with a two-year term of supervised release, for a drug-trafficking offense.  Exercising the condition reserved in his guilty plea, Dexter now appeals.

We have written "before that when lower courts have supportably found the facts, applied the appropriate legal standards, articulated their reasoning clearly, and reached a correct result, a reviewing court ought not to write at length merely to hear its own words resonate."  deBenedictis v. Brady-Zell (In re Brady-Zell), 756 F.3d 69, 71 (1st Cir. 2014).  That precept applies four-square in criminal cases, see, e.g., United States v. Wetmore, 812 F.3d 245, 248 (1st Cir. 2016), and it applies here.  The district court supportably found the facts, identified the governing legal principles, and concluded that the defendant's motion to suppress the fruits of a traffic stop and the ensuing search should be denied.  See United States v. Dexter, 602 F. Supp. 3d 244, 258 (D.N.H. 2022).  Discerning no reversible error, we must uphold that denial.

We need go no further.  We summarily affirm the judgment below for substantially the reasons elucidated in the district court's decision rescript.  See 1st Cir. R. 27.0(c).

**Affirmed**.