**Not For Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 22-1295

SHARIFF A. ROMAN,

Petitioner, Appellant,

v.

UNITED STATES OF AMERICA,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

[Hon. John J. McConnell, Jr., U.S. District Judge]

Before

Montecalvo, Selya, and Lynch,
Circuit Judges.

Judith H. Mizner, Assistant Federal Public Defender, for appellant.
Lauren S. Zurier, Assistant United States Attorney, with whom Zachary A. Cunha, United States Attorney, was on brief, for appellee.

October 25, 2023

**PER CURIAM**.  Shariff A. Roman appeals the denial of his 28 U.S.C. § 2255 motion to vacate his conviction and sentence for the use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c).  In 2019, the Supreme Court decided United States v. Davis, 139 S. Ct. 2319 (2019), and altered what qualifies as a crime of violence under § 924(c).  As a result, Roman now argues that he was convicted based on a predicate offense that is no longer considered a crime of violence.

We have often held that "when lower courts have supportably found the facts, applied the appropriate legal standards, articulated their reasoning clearly, and reached a correct result, a reviewing court ought not to write at length merely to hear its own words resonate."  deBenedictis v. Brady-Zell (In re Brady-Zell), 756 F.3d 69, 71 (1st Cir. 2014).  We have held as much in habeas cases before, see, e.g., Santana v. Cowen, No. 19-1270, 2021 WL 2827317, at *1 (1st Cir. July 7, 2021), cert. denied sub nom. Santana v. Alves, 142 S. Ct. 600 (2021), and we do so again here.

In doing so, we point out that Roman dedicated the bulk of his appellate brief to one argument: that the district court erred by evaluating his case under the wrong legal framework.  In his brief, Roman contended that the district court should have adopted a categorical approach rather than use the harmless error standard to engage with the facts in the record.  At oral argument,

- 2 -

however, Roman's counsel reversed course and conceded that the district court's harmless error approach was correct. Also at oral argument, Roman's counsel argued that murder based on co-conspirator or accessory liability is not a crime of violence and, therefore, it is an invalid predicate offense for § 924(c). Roman raised this argument in his § 2255 petition below, but Roman's counsel chose not to advance it in the appellate brief. Roman's appellate counsel at oral argument before us chose to revert to this argument, perhaps for tactical reasons. Because the district court's decision deftly addressed this argument, thoroughly addressed each point and counterpoint, and cited compelling precedent, we see no reason to write more. See United States v. Roman, 607 F. Supp. 3d 151 (D.R.I. 2022).

Hence, we summarily affirm the district court for substantially the reasons elucidated in the district court's decision. See 1st Cir. R. 27.0(c).